IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADAM GRAD, *on Behalf of Himself and All Others Similarly Situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 1:22-cv-00449 (RDA/JFA) ) ) Class Action |
| IRONNET, INC., *et al*., | ) ) |
| Defendants. | ) |

**Memorandum of Law in Support of Todd M. Frenchman's Motion for Appointment as
Lead Plaintiff and Approval of Lead Counsel**

Movant Todd M. Frenchman ("Movant") respectfully submits this memorandum in support of his motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (2) approval of Movant's selection of Bottini & Bottini, Inc., ("B&B") as Lead Counsel for the class.

## I.    INTRODUCTION

Pending before the Court is a securities class action brought under the 1934 Act on behalf of investors who purchased IronNet, Inc. ("IronNet" or the "Company") securities between September 15, 2021 and December 15, 2021 (the "Class Period").  Doc. #1.  The Complaint alleges that, during the Class Period, defendants made materially misleading statements and failed to disclose information necessary to make various statements not materially misleading, thus artificially inflating the price of IronNet stock.  Doc. #1, ¶¶ 23, 29.  When these misrepresentations were revealed to the public, IronNet experienced a drastic decline in the market value of the Company's securities, causing the proposed class to suffer significant losses and damages. Doc. #1, ¶¶ 29, 30.

This motion seeks court approval of two case-management protocols required by the PSLRA:  appointment of lead plaintiff and approval of lead counsel selected by the lead plaintiff.

The PSLRA requires that the Court appoint as lead plaintiff the "most adequate plaintiff" to represent the class.  As this Court noted in *In re Mills Corporation Securities Litigation*, "'the most adequate plaintiff … is the person or group of persons that … has the *largest financial interest* in the relief sought by the class'" and "satisf[ies] the procedural requirements of Rule 23 of the Federal Rules of Civil Procedures."  No. 1:06-cv-0077 (GBL), 2006 U.S. Dist. LEXIS 50485, at *8 (E.D. Va. May 30, 2006) (emphasis in original) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

Here, Movant should be appointed Lead Plaintiff because (1) to the best of counsel's knowledge, Movant has the largest financial interest in the relief sought by the class based on his purchases of 500 shares of IronNet securities in the aggregate and a loss of $15,969.76 as a result of Defendants' misconduct (*see* Declaration of Albert Y. Chang ("Chang Decl.") Ex. C); and (2) Movant's claims are typical of the claims of the class and Movant will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Finally, the Court should approve Movant's selection of B&B as Lead Counsel for the class because the firm is eminently qualified and highly experienced in complex securities class actions and has the ability and resources to efficiently prosecute this action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND[1]

IronNet designs and develops solutions for cyber-attacks.  It offers IronDefense, a network-traffic-analysis platform that delivers scalable behavioral analysis and integrated pack-level cyber hunt to detect advanced threats.  IronNet also offers IronDome, a collective defense solution that delivers machine-speed visibility of potential threat campaigns targeting participant industry peers. In addition, the Company offers a suite of technologies that provide real-time threat assessment and updates, behavioral modeling, big data analytics, and proactive responses.

The Complaint alleges that, during the Class Period, Defendants drove up IronNet's stock price by issuing materially false and misleading statements regarding the Company's financial condition and business prospects, which were known to Defendants or recklessly disregarded by them.  Doc. #1, ¶¶ 30-32.  Specifically, the Complaint alleges that Defendants misrepresented or

---

[1] These facts are derived from the Complaint filed in this action on April 22, 2022.  Doc. #1.

failed to disclose that: (1) the Company had materially overstated its business and financial prospects; (ii) the Company was unable to predict the timing of significant customer opportunities which constituted a substantial portion of its publicly-issued FY 2022 financial guidance; (iii) the Company had not established effective disclosure and procedures to reasonably ensure its public disclosures were timely, accurate, complete, and not otherwise misleading; and (iv) as a result of the foregoing, the Company's public statements were materially false and misleading.  Doc. #1, ¶ 23.

After market close on December, 15, 2021, the truth of the Company's financial condition and business prospects was revealed in a press release titled "IronNet Reports Third Quarter Fiscal 2022 Financial Results."  Doc. #1, ¶ 24.  On this news, IronNet's stock price plummeted 31% from $6.80 per share on December 15, 2021 to a close of $4.66 per share the following day. Doc. #1, 27.

## III.   PROCEDURAL HISTORY

This securities class action lawsuit was filed on April 22, 2022.  Doc. #1.  That same day, pursuant to Section 21D(a)(3)(A)(i) of the 1934 Act, the first notice that a class action had been initiated against Defendants was published on *GlobeNewswire*, a widely-circulated national business-oriented wire service, advising members of the proposed class of their right to move this Court to serve as lead plaintiffs no later than 60 days from the date of publication of the notice (by June 21, 2022).  *See* Chang Decl. Ex. A.

## IV.   ARGUMENT

### A.   The Court Should Appoint Movant as Lead Plaintiff

The 1934 Act, as amended by the PSLRA, establishes a three-step procedure governing the appointment of a lead plaintiff in securities class actions.  *See* 15 U.S.C. § 78u-4(a)(1)–

3

(3)(B)(ii).  First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Notice").  15 U.S.C. § 78u-4 (a)(3)(A)(i).

Second, within 60 days after publication of the Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4 (a)(3)(A)–(B).

Finally, within 90 days after publication of the Notice, the court is required to consider any motion made by a class member and to appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice …
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Shah v. Genvec, Inc.*, No. DKC 12-0341, 2012 U.S. Dist. LEXIS 58509, at **7–8 (D. Md. Apr. 26, 2012).

As demonstrated below, Movant meets these requirements and should be appointed to serve as Lead Plaintiff.

### 1.      Movant Has Timely Moved for Appointment as Lead Plaintiff

Movant makes this motion for appointment as Lead Plaintiff on June 21, 2022 — within 60 days of the April 22, 2022 Notice.  Movant has signed and filed a certification stating his

willingness to serve as a representative party on behalf of the Class.  *See* Chang Decl. Ex. B.  In addition, Movant has selected and retained experienced and competent counsel to represent him and the class.  *See id.* Ex. D.

Accordingly, Movant is entitled to be considered for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.	Movant Has the Largest Financial Interest in the Relief Sought by the Class

Based on the evidence contained in his certification, Movant believes he has the largest financial interest in the relief sought in this litigation.  Specifically, Movant has purchased 500 shares of IronNet stock and has suffered losses of approximately $15,969.76 as a result of defendants' misconduct.  *See* Chang Decl. Ex. C.  Because Movant has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, Movant should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.	Movant Satisfies Rule 23 of the Federal Rules of Civil Procedure

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *See* FED. R. CIV. P. 23(a).

Of the four prerequisites, only two — typicality and adequacy — directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy requirements of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).  Movant

satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff in this action.

Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See In re Microstrategy Inc. Sec. Litig*., 110 F. Supp. 2d 427, 436 (E.D. Va. 2000). Here, the claims asserted by Movant are typical of the claims of the other members of the putative class because, like all other class members, he purchased IronNet shares at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Since the claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See id.*; *see also* Newberg, *et al*., NEWBERG ON CLASS ACTIONS, § 3:13 (4th ed. 2008).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members, and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Cree*, 219 F.R.D. at 372. Movant is "adequate" to serve as class representative in this litigation because his interests are clearly aligned with the interests of the putative class. Movant, like all other members of the class, suffered losses as a result of purchasing shares of IronNet due to Defendants' allegedly wrongful conduct. Movant will, therefore, benefit from the same relief as other class members. In short, there is absolutely no evidence of antagonism between Movant and the putative class.

**B.    The Court Should Approve Movant's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the

6

interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected B&B to represent the class.  The firm has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Chang Decl. Ex. D.  Specifically, B&B has served as lead or co-lead counsel in many securities fraud class actions and recovered hundreds of millions of dollars for victims of securities fraud, as reflected by the firm's resume (attached as Exhibit D to the Chang Declaration).

As a result of B&B's extensive experience in securities litigation, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of legal counsel, the members of the class will receive the best legal representation available.

## V.      CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bottini & Bottini, Inc. to serve as Lead Counsel.

Dated:   June 21, 2022                          Respectfully submitted,

                                    */s/ Marla J. Diaz*
                                    Marla J. Diaz

WHITEFORD TAYLOR PRESTON LLP
Marla Diaz (VSB #46799)
3190 Fairview Park Drive
Suite 800
Falls Church, Virginia 22042-4510
Telephone:  (703) 280-9260
khroblak@wtplaw.com
mdiaz@wtplaw.com

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (*pro hac vice* application to be filed)
Albert Y. Chang (*pro hac vice* application to be filed)
Yury A. Kolesnikov (*pro hac vice* application to be filed)

7

Nicholaus H. Woltering (*pro hac vice* application to be filed)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:    (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

*Counsel for Movant Todd M. Frenchman and Proposed Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served through the Court's electronic filing and service system this 21st day of June, 2022 to counsel of record.

/s/  *Marla J. Diaz*
Marla J. Diaz (VSB #46799)
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
703-280-9131
703-280-9139 facsimile
mdiaz@wtplaw.com

9