**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| ADAM GRAD, on Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:22-cv-00449-RDA-JFA |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| IRONNET, INC., KEITH B. ALEXANDER, JAMES C. GERBER, and WILLIAM E. WELCH, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
SHIRLEY GUTHRIE, YONG KIM, AND ROGER CAROWAY FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 2

III. ARGUMENT ................................................................................................................ 3

    A.  Movants Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff ... 3

        1.  Movants' Motion Is Timely ....................................................................... 4

        2.  Movants Have the Largest Financial Interest in the Relief Sought by the Class .......... 4

        3.  Movants Are Typical and Adequate of the Putative Class ........................................... 5

    B.  The Court Should Approve Movants' Selection of Counsel ............................................... 6

IV. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Cendant Corp. Litig.*,
  264 F.3d. 201 (3d Cir. 2001)..................................................................................... 6

*In re Cree, Inc., Sec. Litig.*,
  219 F.R.D. 369 (M.D.N.C. 2003) .............................................................................. 5

*In re MicroStrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) ..................................................................... 5, 6

*Johnson v. Pozen Inc.*,
  No. 1:07CV599,
  2008 WL 474334 (M.D.N.C. Feb. 15, 2008).............................................................. 5

*Knurr v. Orbital ATK, Inc.*,
  2019 WL 3317976 (E.D. Va. June 7, 2019) ............................................................... 7

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)...................................................................................... 5

**STATUTES**

15 U.S.C. §78u-4(a)(1) .................................................................................................. 3

15 U.S.C. §78u-4(a)(3)(A)(i)......................................................................................... 3

15 U.S.C. §78u-4(a)(3)(B) ............................................................................................ 1

15 U.S.C. §78u-4(a)(3)(B)(i) ..................................................................................... 1, 3

15 U.S.C. §78u-4(a)(3)(B)(ii) ....................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(iii) .................................................................................. 1, 4

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)............................................................................. 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(v) ........................................................................................ 6

Federal Rules of Civil Procedure Rule 23 ............................................................... passim

Shirley Guthrie, Yong Kim, and Roger Caroway (together, "Movants") hereby move the Court for an order appointing Movants as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and approving Movants' selection of Johnson Fistel, LLP ("Johnson Fistel") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and The Office of Craig C. Reilly, Esq. ("Craig C. Reilly") as liaison counsel for the putative class.

## I.    INTRODUCTION

This action is brought on behalf of purchasers of IronNet securities between September 15, 2021 and December 15, 2021, inclusive (the "Class Period").  The complaint charges IronNet, Inc. ("IronNet" or the "Company"), the Company's Co-Chief Executive Officers ("Co-CEOs"), and its Chief Financial Officer ("CFO") with violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission (SEC) Rule 10b-5 promulgated thereunder.  As such, this action is governed by the PSLRA.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Movants should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the selection of and Johnson Fistel and Robbins Geller to serve as lead counsel and Craig C. Reilly to serve as liaison counsel should be approved because the firms possess extensive experience

prosecuting complex securities actions and will adequately represent the interests of all class members. Accordingly, Movants' motion should be granted.

## II.    STATEMENT OF FACTS

As alleged in the complaint, IronNet designs and develops solutions for cyber-attacks. It offers IronDefense, a network traffic analysis platform that delivers scalable behavioral analysis and integrated packet-level cyber hunt to detect advanced threats; and IronDome, a collective defense solution that delivers machine-speed visibility of potential threat campaigns targeting participant industry peers.

On August 27, 2021, IronNet became a publicly-traded company via a merger with LGL Systems Acquisition Corp. ("LGL"), a blank check company otherwise known as a special purpose acquisition vehicle or "SPAC." Like other SPACs, LGL did not initially have any operations or business of its own. Rather, it raised money from investors in an initial public offering and then later used the proceeds from the offering to acquire IronNet, which had been a private company.

The complaint alleges that IronNet, its Co-CEOs, and its CFO made materially false and misleading statements and failed to disclose known adverse facts about IronNet's business, operations, and prospects, including that: (i) the Company had materially overstated its business and financial prospects; (ii) the Company was unable to predict the timing of significant customer opportunities which constituted a substantial portion of its publicly-issued, fiscal year 2022 ("FY2022") financial guidance; (iii) the Company had not established effective disclosure controls and procedures to reasonably ensure its public disclosures were timely, accurate, complete, and not otherwise misleading; and (iv) as a result, the Company's public statements were materially false, misleading, and/or lacked any reasonable basis in fact at all relevant times.

- 2 -

On December 15, 2021, IronNet issued a press release in which it slashed the Company's FY2022 guidance, which had been repeated shortly before the merger vote and which was reaffirmed just months earlier.  On the analyst and investor call later that same day, IronNet's co-CEO announced that IronNet had fired its Chief Revenue Officer.  On the call, defendants also admitted that, despite having first publicly issued IronNet's FY2022 guidance in March 2021, they did not have any confidence as to when substantial revenues underlying the guidance would actually come in.

On this news, IronNet's stock price fell by approximately 31%, from $6.80 per share on December 15, 2021, to $4.66 per share on December 16, 2021, on abnormally high trading volume.  As a result of the decline in the price of IronNet stock, investors have suffered millions of dollars in losses.

III.    **ARGUMENT**

A.      **Movants Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than twenty (20) days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person *or group of persons* that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Movants meet each of these requirements and should therefore be appointed lead plaintiff.

### 1.   Movants' Motion Is Timely

On April 22, 2022, Johnson Fistel, counsel for plaintiff in the above-captioned action, published notice of the complaint on *GlobeNewswire* and advised class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by June 21, 2022.  *See* Declaration of Craig C. Reilly in Support of the Motion of Shirley Guthrie, Yong Kim, and Roger Caroway for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Reilly Decl."), Ex. 1 (PSLRA Press Release).  Because this motion is being filed on June 21, 2022, it is timely, and Movants are entitled to be considered for appointment as lead plaintiff.

### 2.   Movants Have the Largest Financial Interest in the Relief Sought by the Class

As indicated in their PSLRA Certifications, Movants purchased 231,729 shares of IronNet common stock during the Class Period and suffered approximately$518,750 in losses as a result of defendants' alleged wrongdoing.  *See* Reilly Decl., Exs. 2–3 (Shirley Guthrie Certification and Shirley Guthrie Financial Interest Calculation),  Exs. 4–5 (Yong Kim Certification and Young Kim Financial Interest Calculation), and Exs. 6-7 (Roger Caroway Certification and Roger Caroway Financial Interest Calculation).  To the best of their counsel's knowledge, there are no other

plaintiffs or movants with larger financial interests. Therefore, Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.    Movants Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In making its determination that the lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *See In re Cree, Inc., Sec. Litig.,* 219 F.R.D. 369, 372 (M.D.N.C. 2003) (only a *prima facie* showing is required). At the lead plaintiff stage of the proceedings, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a). *See id.*; *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).

"The typicality requirement of the rule requires that a [l]ead [p]laintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) (quoting *Weiss v. York Hosp.*, 745 F.2d 786, 810 n.36 (3d Cir. 1984)). Movants' claims here are typical of the proposed class because their claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. In other words, like all other class members, Movants: (1) purchased IronNet securities during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby.

The adequacy of representation prong of Rule 23 is satisfied where it is established that a representative party "has the ability to represent the claims of the class vigorously, has obtained

- 5 -

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class." *In re Cendant Corp. Litig.*, 264 F.3d. 201, 265 (3d Cir. 2001) (citation omitted). The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to: (i) the absence of potential conflict between the proposed lead plaintiff and the class members; and (ii) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Microstrategy*, 110 F. Supp. 2d at 435–436.

Here, Movants' substantial stake in the outcome of the case and their retention of experienced counsel—which filed the initial complaint in this action—indicates that they will vigorously represent the class's claims. *See* Reilly Decl., Exs. 2–7. Movants' interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Movants' interests and the class's interests. Further, Movants have amply demonstrated their adequacy by submitting a Joint Declaration providing information about their backgrounds, their investing experience, and affirming their plan to jointly serve as class representatives. *See* Reilly Decl., Ex. 8 (Joint Declaration).

Because Movants have the largest financial interest in the action and have made a *prima facie* showing of typicality and adequacy, they should be appointed lead plaintiff.

### B.    The Court Should Approve Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

- 6 -

Movants have selected Johnson Fistel and Robbins Geller as lead counsel and Craig C. Reilly as liaison counsel.  Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation.  Johnson Fistel has been appointed as lead or co-lead counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors.  *See* https://www.johnsonfstel.com/. Robbins Geller, a 200-attorney nationwide law firm regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See,* e.g., *Knurr v. Orbital ATK, Inc.*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019) (Judge Ellis granting final approval and lauding Robbins Geller and liaison counsel Craig C. Reilly's efforts in achieving the $108 million settlement with "skill, perseverance, and diligent advocacy.").  In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury

returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[1] *See also* https://www.rgrdlaw.com.

Similarly, Craig C. Reilly has served as counsel in complex litigation matters in federal court including securities fraud class actions; civil and criminal cases involving RICO, bribery, and government procurement fraud; antitrust actions; False Claims Act lawsuits; and ERISA cases. *See* http://www.ccreillylaw.com/.

Accordingly, the Court can be assured that by approving Movants' choice of counsel, the putative class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an order: (1) appointing Movants as lead plaintiff; (2) approving Movants' selection of Johnson Fistel and Robbins Geller as co-lead counsel and Craig C. Reilly as liaison counsel; and (3) granting such other relief as the Court may deem to be just and proper.

---

[1]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

DATED:  June 21, 2022

**THE OFFICE OF CRAIG C. REILLY, ESQ.**

*/s/ Craig C. Reilly*

CRAIG C. REILLY
VSB # 20942
209 Madison Street
Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

*Attorneys for Movants and Proposed Liaison Counsel*

**JOHNSON FISTEL, LLP**
MICHAEL I. FISTEL
40 Powder Springs Street
Marietta, GA  30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
michaelf@johnsonfistel.com

**ROBBINS GELLER RUDMAN
   & DOWD, LLP**
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile: (619) 231-7423
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

*Attorneys for Movants and Proposed Lead Counsel*

- 9 -