UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADAM GRAD, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> IRONNET, INC., KEITH B. ALEXANDER, JAMES C. GERBER, and WILLIAM E. WELCH, <br><br> Defendants. | Case No. 1:22-cv-00449-RDA-JFA <br><br> **CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF JAMES SHUNK FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

James Shunk ("Movant") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and The Kaplan Law Firm as Local Counsel for the litigation.

## PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") asserting violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of IronNet, Inc. ("IronNet" or the "Company") securities from September 15, 2021 and December 15, 2021, inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Movant satisfies these requirements.  First, Movant suffered a financial loss of approximately $776,722 on his purchases of IronNet securities. Movant believes that his loss is the largest financial loss in the litigation. Second, Movant satisfies the requirements of Rule 23 because his claims are typical of the claims of the Class as he suffered harm in connection with the same related misstatements and omissions as the rest of the Class.  Movant will also fairly and adequately represent the interests of the Class.  Movant lives in Clarence, New York, has a Bachelor of Science Degree in Engineering, and Masters Degrees in Engineering and Business. Movant has been investing for approximately 25 years.  Movant is an entrepreneur with two

businesses, Advantage Enterprises Unlimited, Inc. and Real Elements, Inc.   Advantage Enterprises is a company that does custom printing of mainly clothing items.  Through Real Elements, Movant runs a sporting goods store geared to tennis and racquet sports. Movant satisfies the standards under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and The Kaplan Law Firm as Local Counsel.

## SUMMARY OF ALLEGATIONS

IronNet designs and develops solutions for cyber-attacks. It offers IronDefense, a network traffic analysis platform that delivers scalable behavioral analysis and integrated packet-level cyber hunt to detect advanced threats; and IronDome, a collective defense solution that delivers machine-speed visibility of potential threat campaigns targeting participant industry peers. The Company also provides a suite of technologies that provide real-time threat assessment and updates, behavioral modeling, data analytics and training programs to protect against cybersecurity threats.

On September 14, 2021, Defendants issued a press release entitled "IronNet Announces Fiscal Second Quarter 2022 Financial Results," which announced disappointing revenue. Attempting to counteract the disappointing results, the press release reassured investors that the Company would still meet its financial guidance. Specifically, Defendant William E. Welch ("Welch"), co-CEO of IronNet, commented, "We are on target with our first half guidance and are encouraged to begin our journey as a public company this month following the recent completion of our business combination with LGL." On this news, the Company's stock price skyrocketed 38%.

Plaintiff alleges that Defendants made false and/or misleading statements and/or failed to disclose that IronNet: (i) had materially overstated its business and financial prospects; (ii) was unable to predict the timing of significant customer opportunities which constituted a substantial portion of its publicly issued fiscal year 2022 financial guidance; and (iii) had not established effective disclosure controls and procedures to reasonably ensure its public disclosures were accurate, complete, and not otherwise misleading.

On December 15, 2021, IronNet issued a press release in which it slashed its fiscal year 2022 guidance. On the analyst and investor call later that day, Defendant Welch announced that IronNet had fired its Chief Revenue Officer. IronNet also admitted that, despite having first publicly issued fiscal year 2022 guidance in March 2021, it did not have any confidence as to when substantial revenues underlying the guidance would come in. On this news, IronNet's stock price fell by approximately 31%, damaging investors.

<strong>ARGUMENT</strong>

## I.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class

3

members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." *Id.*

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movant meets the foregoing criteria, and therefore is the presumptive "most adequate plaintiff" of the Class.

B.    **Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

Movant respectfully submits that he should be appointed lead plaintiff because he satisfies the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, believes he has the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

4

### 1.   Movant Filed a Timely Motion

Movant's motion is timely. On April 22, 2022, the  Early Notice was published. *See* Declaration of Matthew B. Kaplan ("Kaplan Decl."), Exhibit A. Accordingly, putative class members had until June 21, 2022, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). Here, Movant timely filed the motion in response to the Early Notice. Additionally, Movant has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this action and willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Kaplan Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   Movant Believes He Has the "Largest Financial Interest"

To the best of his knowledge, Movant has the largest financial interest of any investor seeking to serve as Lead Plaintiff. The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant lost $776,722 in connection with his purchases of IronNet securities during the Class Period.  *See* Kaplan Decl., Ex. C. Movant is not aware of any other proposed lead plaintiffs with a larger financial interest.

### 3.   Movant Satisfies the Requirements of Rule 23

Movant meets the requirements of Rule 23. At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary. *See Tchatchou v. India Globalization Capital, Inc.,* 8:18-CV-03396-PWG, 2019 WL 1004591, at *7 (D. Md. Feb. 28, 2019) ("the

5

proper inquiry at this stage is simply whether the movant has made a *prima facie* showing of typicality and adequacy"). Movant satisfies the typicality and adequacy requirements of Rule 23, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### a.  Movant's Claims Are Typical of Those of the Class

Movant satisfies the typicality requirement of Rule 23(a). "The typicality requirement of the rule requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson v. Pozen, Inc*., 2008 WL 474334 (M.D.N.C. Feb. 15, 2008). Movant's claims are typical of those of the Class because Movant alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false and/or misleading statements of material facts and/or by omitting to disclose material facts concerning IronNet. Movant, like all Class members, purchased IronNet securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations and/or omissions. Movant's claims are based on the same legal theory and arise from the same events as the Class's claims. Thus, Movant satisfies the typicality requirement of Rule 23(a).

### b.  Movant Will Fairly and Adequately Protect the Interests of the Class

Movant satisfies the adequacy requirement of Rule 23(a). The adequacy requirement, is satisfied where the movant: "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Securities Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000).

6

Here, Movant does not have any interests adverse to the interests of the class. Indeed, Movant and members of the Class share the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Additionally, Movant has further demonstrated his adequacy through his retention of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide. Movant has submitted a signed certification declaring his commitment to protecting the interests of the Class, further demonstrating that he is competent to serve as class representative. *See* Kaplan Decl., Ex. C.  Movant's substantial losses also demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Accordingly, Movant has made a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.

## II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Kaplan Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-cv-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

8

Likewise, the Kaplan Law Firm is well-suited to serve as local counsel for the proposed Class. *See* Kaplan Decl. Exhibit E.

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff; and (2) approve Movant's selection of Bernstein Liebhard as Lead Counsel and The Kaplan Law Firm as Local Counsel for the litigation.

Dated: June 21, 2022

Respectfully submitted,

**THE KAPLAN LAW FIRM**

/s/ Matthew B. Kaplan
Matthew B. Kaplan (VSB # 51027)
THE KAPLAN LAW FIRM
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22205
Tel: (703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Local Counsel for James Shunk and Proposed Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey R. McEachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
seidman@bernlieb.com
jmceachern@bernlieb.com

*Counsel for James Shunk and Proposed Lead Counsel for the Proposed Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to all counsel of record.


Dated: June 21, 2022

*//s/DRAFT*
Matthew B. Kaplan (VSB # 51027)
THE KAPLAN LAW FIRM
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22205
Tel: (703) 665-9529
mbkaplan@thekaplanlawfirm.com