# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| *In re IronNet, Inc. Securities Litigation* | **Case No. 1:22-cv-00449-RDA-JFA** |

## <u>DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT</u>

Robert T. Cahill (VSB 38562)
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email: rcahill@cooley.com

Aric H. Wu (*pro hac vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275
Email: ahwu@cooley.com

*Attorneys for Defendants IronNet, Inc., Keith B. Alexander, William E. Welch, and James C. Gerber*

Defendants IronNet, Inc., Keith B. Alexander, William E. Welch, and James C. Gerber, by and through their undersigned counsel, hereby submit their answer to the Amended Class Action Complaint, ECF No. 46 ("AC"), and respond as follows. All allegations—including those contained in headings, subheadings, unnumbered paragraphs, footnotes, and exhibits—not expressly admitted herein are denied. In addition, Defendants have no obligation to respond to and expressly deny any and all allegations in the AC relating to Defendants' statements about the Company's customer development, which the Court held in its August 9, 2023 Memorandum Opinion and Order cannot form the basis for a securities fraud claim. ECF No. 53 at 18-19 (holding inactionable statements referenced in AC ¶¶ 92, 94, 96, 99, 106, 112, 118).

## I. NATURE OF THE ACTION[1]

1. Defendants deny the allegations in Paragraph 1 and the accompanying footnotes, except admit that IronNet's fiscal year ended on January 31 and that Defendant Alexander is a retired four star general and was formerly IronNet's co-CEO and state that, to the extent Paragraph 1 or the accompanying footnotes purport to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents.

2. Defendants deny the allegations in Paragraph 2, except state that, to the extent Paragraph 2 purports to characterize, quote from, or cite documents, Defendants refer to the Court to such documents for their contents.

3. Defendants deny the allegations in Paragraph 3, except admit Defendant Alexander founded IronNet in 2014 as a private cybersecurity company.

---

[1] This Answer reproduces the headings used in the AC solely for the convenience of the Court. To the extent the AC headings are deemed to contain any factual allegations to which an answer is required, Defendants deny all such allegations.

4.      Defendants deny the allegations in Paragraph 4 and the accompanying footnote, except admit that "ARR" stands for annual recurring revenue and state that Paragraph 4 and the accompanying footnote purport to characterize and cite to documents to which Defendants refer the Court for their contents.

5.      Defendants deny the allegations of Paragraph 5, except admit that IronNet announced revised revenue and ARR guidance in August 2021 and state that Paragraph 5 purports to characterize, quote from, and cite to documents to which Defendants refer the Court for their contents.

6.      Defendants deny the allegations in Paragraph 6 and its accompanying footnotes, except state that Paragraph 6 and the accompanying footnotes purport to characterize, quote from, and cite to documents to which Defendants refer the Court for their contents.

7.      Defendants deny the allegations in Paragraph 7, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

8.      Defendants deny the allegations in Paragraph 8, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself and that, to the extent Paragraph 8 purports to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents.

9.      Defendants deny the allegations in Paragraph 9, except state that, to the extent Paragraph 9 purports to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents.

10.      Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11, except state that, to the extent Paragraph 11 purports to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents.

12.     Defendants deny the allegations in Paragraph 12, except state that Paragraph 12 purports to characterize, quote from, and cite to documents to which Defendants refer the Court for their contents.

13.     Defendants deny the allegations in Paragraph 13, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

14.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 regarding the state of mind of unspecified "[a]nalysts" and, on that basis, deny them, and otherwise deny the allegations in Paragraph 14, except state that Paragraph 14 purports to characterize, quote from, and cite to documents to which Defendants refer the Court for their contents.

15.     Defendants deny the allegations in Paragraph 15, except state that Paragraph 15 purports to characterize, quote from, and cite to documents to which Defendants refer the Court to for their contents.

16.     Defendants deny the allegations in Paragraph 16, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

17.     Defendants deny the allegations in Paragraph 17.

## II.     JURISDICTION AND VENUE

18.     Defendants deny the allegations in Paragraph 18, except state that Paragraph 18 purports to characterize Plaintiffs' claims, to which no response is required.

19.     Paragraph 19 states a legal conclusion to which no response is required. Defendants otherwise deny the allegations in Paragraph 19, except admit that IronNet's principal executive offices were in this District.

20.     Paragraph 20 asserts legal conclusions to which no response is required.

21.     Defendants deny the allegations in Paragraph 21.

## III.  PARTIES

22.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and, on that basis, deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and, on that basis, deny them.

24.     Defendants admit the allegations in Paragraph 24, except state that its common stock does not currently trade on the NYSE.

25.     Defendants admit the allegations in Paragraph 25, except state that Defendant Alexander is no longer IronNet's co-CEO.

26.     Defendants admit the allegations in Paragraph 26, except state that Defendant Welch is no longer IronNet's co-CEO or a member of IronNet's Board of Directors.

27.     Defendants admit the allegations in Paragraph 27, except state that Defendant Gerber is no longer IronNet's CFO.

## IV.  SUBSTANTIVE ALLEGATIONS

### A.    Background

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32, except state that Paragraph 32 purports to characterize statements in or cite to documents to which Defendants refer the Court for their contents.

33. Defendants deny the allegations in Paragraph 33, except state that Paragraph 33 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

34. Defendants deny the allegations in Paragraph 34, except state that Paragraph 34 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

35. Defendants deny the allegations in Paragraph 35, except state that Paragraph 35 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

**B.     Defendants Take IronNet Public Through A SPAC Merger To Sell Investors On The Company's Future**

36. Defendants deny the allegations in Paragraph 36, except admit that, as a private company, IronNet did not realize profits and received funding from private investors.

37. Defendants deny the allegations in Paragraph 37, except admit that IronNet became a publicly traded company through a merger with LGL, a special purpose acquisition company, and state that Paragraph 37 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

38. Defendants deny the allegations in Paragraph 38 and the accompanying footnote, except state that Paragraph 38 and the accompanying footnote purport to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

39.     Defendants deny the allegations in Paragraph 39, except admit that IRNT announced in March 2021 that it had signed a business combination agreement with LGL and state that Paragraph 39 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

40.     Defendants deny the allegations in Paragraph 40 and the accompanying footnote, except state that Paragraph 40 and the accompanying footnote purport to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

41.     Defendants deny the allegations in Paragraph 41, except state that Paragraph 41 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

42.     Defendants deny the allegations in Paragraph 42, except admit that a Virtual Analyst Day was held on June 7, 2021 and state that Paragraph 42 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

43.     Defendants deny the allegations in Paragraph 43, except state that Paragraph 43 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

44.     Defendants deny the allegations in Paragraph 44, except state that Paragraph 44 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

45.     Defendants deny the allegations in Paragraph 45, except state that Paragraph 45 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

46.     Defendants deny the allegations in Paragraph 46, except state that Paragraph 46 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

47.     Defendants deny the allegations in Paragraph 47, except state that Paragraph 47 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

48.     Defendants admit the allegations in Paragraph 48.

**C.      Defendants Continue to Conceal That the Guidance Materially Depended on Large and Unprecedented Public Sector Deals That Had No Realistic Chance of Providing Revenue in FY22**

49.     Defendants deny the allegations in Paragraph 49, except state that, to the extent Paragraph 49 purports to characterize statements in documents, Defendants refer the Court to such documents for their contents.

50.     Defendants deny the allegations in Paragraph 50, except state that state that information regarding the NDAA is a matter of public record and speaks for itself.

51.     Defendants deny the allegations in Paragraph 51 and the accompanying footnote, except state that information regarding the NDAA and related Congressional acts is a matter of public record and speaks for itself and that, to the extent Paragraph 51 purports to characterize statements in or cite to documents, Defendants refer the Court to such documents for their contents.

52.     Defendants deny the allegations in Paragraph 52, except admit that the NDAA for fiscal year 2022 was passed on December 15, 2021 and subsequently signed into law.

53.     Defendants deny the allegations in Paragraph 53, except state that, to the extent Paragraph 53 purports to characterize, quote from, and cite to documents, Defendants refer the Court to such documents for their contents.

54.     Defendants deny the allegations in Paragraph 54, except state that they lack knowledge or information sufficient to form a belief as to the allegation in Paragraph 54 that "analysts covering IronNet were not closely tracking the NDAA in relation to the Company" and, on that basis, deny them.

### D.     Defendants Knowingly and Repeatedly Reaffirm IronNet's Radically Unachievable Guidance As a Public Company – Deceiving Investors

55.     Defendants deny the allegations in Paragraph 55, except state that Paragraph 55 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

56.     Defendants deny the allegations in Paragraph 56, except state that Paragraph 56 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

57.     Defendants deny the allegations in Paragraph 57, except state that Paragraph 57 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

58.     Defendants deny the allegations in Paragraph 58, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

59.     Defendants deny the allegations in Paragraph 59, except that a Wells Fargo fireside chat was held on September 20, 2021 and state that, to the extent Paragraph 59 purports to characterize statements in documents, Defendants refer the Court to such documents for their contents.

60. Defendants deny the allegations in Paragraph 60, except state that Paragraph 60 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

61. Defendants deny the allegations in Paragraph 61, except state that Paragraph 61 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

62. Defendants deny the allegations in Paragraph 62, except state that Paragraph 62 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

63. Defendants deny the allegations in Paragraph 63, except state that Paragraph 63 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

**E.  Analysts Paid Close Attention to IronNet's ARR and Revenue Guidance – the Supposed Basis for Its Growth**

64. Defendants deny the allegations in Paragraph 64, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself and that Paragraph 64 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

65. Defendants deny the allegations in Paragraph 65, except state that Paragraph 65 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

66. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 regarding analysts and investors and, on that basis, deny them, and otherwise deny the allegations of Paragraph 66.

**F.** **After Touting IronNet's Guidance, Defendant Alexander Opportunistically Sells 85% of His Available IronNet Shares For Over $5 Million**

67.     Defendant Alexander denies the allegations in Paragraph 67.  The other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 and, on that basis, deny them.

68.     Defendants deny the allegations in Paragraph 68 and the accompanying footnote, except state that Paragraph 68 and the accompanying footnote purport to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

69.     Defendant Alexander denies the allegations in Paragraph 69, except states that information regarding sales of his IronNet common stock during the time period referred to in Paragraph 69 are a matter of public record and speaks for itself.  The other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 and, on that basis, deny them.

70.     Defendant Alexander denies the allegations in Paragraph 70.  The other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 70 and, on that basis, deny them.

71.     Defendants deny the allegations in Paragraph 71, except state that Paragraph 71 purports to characterize an employment agreement to which Defendants refer the Court for its contents.

72.     Defendants state that, to the extent Paragraph 72 purports to characterize statements in documents, Defendants refer the Court to such documents for their contents.  Defendant Alexander otherwise denies the allegations in Paragraph 72, and the other Defendants otherwise lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 and, on that basis, deny them.

### G. IronNet Finally Reveals Its Guidance Never Had Any Basis, Startling the Market and Sending IronNet Stock into Free Fall

73. Defendants deny the allegations in Paragraph 73, except state that, to the extent Paragraph 73 purports to characterize statements in or quote from documents, Defendants refer the Court to such documents for their contents.

74. Defendants deny the allegations in Paragraph 74, except state that Paragraph 74 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

75. Defendants deny the allegations in Paragraph 75, except state that Paragraph 75 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

76. Defendants deny the allegations in Paragraph 76, except state that Paragraph 76 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

77. Defendants deny the allegations in Paragraph 77, except state that Paragraph 77 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

78. Defendants deny the allegations in Paragraph 78, except state that Paragraph 78 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

79. Defendants deny the allegations in Paragraph 79, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

80.     Defendants deny the allegations in Paragraph 80, except state that Paragraph 80 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

81.     Defendants deny the allegations in Paragraph 81, except state that Paragraph 81 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

**H.      IronNet Fires Nearly 20% of Its Work Force, Analysts Begin to Track the NDAA in Relation to IronNet, and IronNet's Large Deals *Still* Fail to Transpire**

82.     Defendants deny the allegations in Paragraph 82, except state that Paragraph 82 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

83.     Defendants deny the allegations in Paragraph 83, except state that Paragraph 83 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

84.     Defendants deny the allegations in Paragraph 84, except state that Paragraph 84 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

85.     Defendants deny the allegations in Paragraph 85, except state that Paragraph 85 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87, except state that Paragraph 87 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

88.     Defendants deny the allegations in Paragraph 88, except state that Paragraph 88 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

89.     Defendants deny the allegations in Paragraph 89, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

## V.     DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS

### A.     The September 14, 2021 Statements

90.     Defendants deny the allegations in Paragraph 90, except state that Paragraph 90 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants state that no response is required to the allegations in Paragraph 92 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim.  ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 92, except state that Paragraph 92 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants state that no response is required to the allegations in Paragraph 94 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim.  ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 94, except state that Paragraph 94 purports

to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants state that no response is required to the allegations in Paragraph 96 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim. ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 96, except state that Paragraph 96 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

**B. The September 20, 2021 Statements**

99. Defendants state that no response is required to the allegations in Paragraph 99 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim. ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 99, except state that Paragraph 99 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

### C. The September 22, 2021 Misstatements

102. Defendants deny the allegations in Paragraph 102, except state that Paragraph 102 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104, except state that Paragraph 104 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants state that no response is required to the allegations in Paragraph 106 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim. ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 106, except state that Paragraph 106 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

107. Defendants deny the allegations in Paragraph 107.

### D. September 28, 2021 Misstatements

108. Defendants deny the allegations in Paragraph 108, except state that Paragraph 108 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110, except state that Paragraph 110 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants state that no response is required to the allegations in Paragraph 112 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim.  ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 112, except state that Paragraph 112 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

113.     Defendants deny the allegations in Paragraph 113.

**E.      The September 30, 2021 Misstatements**

114.     Defendants deny the allegations in Paragraph 114, except state that Paragraph 114 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

115.     Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116, except state that Paragraph 116 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

117.     Defendants deny the allegations in Paragraph 117.

118.     Defendants state that no response is required to the allegations in Paragraph 118 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim.  ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 118, except state that Paragraph 118 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

119.     Defendants deny the allegations in Paragraph 119.

## VI. DEFENDANTS REVEAL THE TRUTH: IRONNET'S GUIDANCE WAS UNREALISTIC AND UNACHIEVABLE

120. Defendants deny the allegations in Paragraph 120, except state that Paragraph 120 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122, except state that Paragraph 122 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

123. Defendants deny the allegations in Paragraph 123, except state that Paragraph 123 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

124. Defendants deny the allegations in Paragraph 124, except state that Paragraph 124 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

125. Defendants deny the allegations in Paragraph 125, except state that Paragraph 125 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

126. Defendants deny the allegations in Paragraph 126, except state that Paragraph 126 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

127. Defendants deny the allegations in Paragraph 127, except state that information regarding the price of and volume of trading in IronNet common stock is a matter of public record and speaks for itself.

128.     Defendants deny the allegations in Paragraph 128.

129.     Defendants deny the allegations in Paragraph 129, except state that Paragraph 129 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

## VII.    ADDITIONAL SCIENTER ALLEGATIONS

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

### I.    Defendants Were Motivated to Commit Fraud

#### 1.    Defendant Alexander Was Motivated to Commit Fraud To Reap $5.1 Million From Insider Sales

132.     Defendant Alexander denies the allegation in Paragraph 132.  Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.  To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 132 and, on that basis, deny them.

133.     Defendant Alexander denies the allegation in Paragraph 133, except states that information regarding sales of his IronNet common stock during the time period referred to in Paragraph 133 are a matter of public record and speaks for itself.  Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.  To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 and, on that basis, deny them.

134.     Defendant Alexander denies the allegation in Paragraph 134.  Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.  To the extent a response is required, the other Defendants lack knowledge or

information sufficient to form a belief as to the allegations in Paragraph 134 and, on that basis, deny them.

135.    Defendant Alexander denies the allegation in Paragraph 135.   Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.   To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 and, on that basis, deny them.

136.    Defendant Alexander denies the allegation in Paragraph 136, except states that information regarding sales of his IronNet common stock during the time period referred to in Paragraph 136 are a matter of public record and speaks for itself.   Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.   To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and, on that basis, deny them.

137.    Defendant Alexander denies the allegation in Paragraph 137, except admits that the sales referred to in Paragraphs 136 and 137 were made pursuant to a Rule 10b5-1 trading plan and refers the Court to the Rule 105-1 trading plan and the Lock-Up Agreement referred to in Paragraph 137 for their contents.   Because this allegation is directed solely at Defendant Alexander, no response is required from the other Defendants.   To the extent a response is required, the other Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 and, on that basis, deny them.

138.    Defendants deny the allegations in Paragraph 138 and the accompanying footnote, except state that Paragraph 138 and the accompanying footnote purport to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

139. Defendants deny the allegations in Paragraph 139 and the accompanying footnote, except state that Paragraph 139 and the accompanying footnote purport to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

> **2. Defendants Were Motivated to Continue Issuing The Guidance Because They Had Used It to Achieve the Merger and Did Not Want the Bottom to Fall Out on the Shock Quickly After IronNet Went Public**

142. Defendants deny the allegations in Paragraph 142, except admit that, as a private company, IronNet received funding from private investors and state that, to the extent Paragraph 142 purports to characterize statements in documents, Defendants refer the Court to such documents for their contents.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations of Paragraph 144, except admit that IronNet announced revised revenue and ARR guidance in August 2021 and state that, to the extent Paragraph 144 purports to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

> **J. The Individual Defendants Knew Their Statements About The Guidance Were Misleading**

> **1. After the Class Period, Defendant Alexander Admitted That, As He Knew All Along, the Guidance Was Unachievable for FY22**

147. Defendants deny the allegations in Paragraph 147, except admit that Defendant Alexander was previously IronNet's co-CEO, worked in the military and U.S. government for 40

years, and had an understanding of government contracting with private sector companies during the putative class period, and state that, to the extent Paragraph 147 purports to characterize, quote from, or cite to documents, Defendants refer the Court to such documents for their contents.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

## 2. Defendants, In Particular Defendant Gerber, Knew IronNet's Guidance Was Misleading Because It Failed to Comply With AICPA Guidelines

150. Defendants admit the allegations in Paragraph 150, except states that Defendant Gerber is no longer IronNet's CFO.

151. Defendants admit the allegations in Paragraph 151, except refer the Court to the AICPA Guide for its contents and the reasons why it was developed.

152. Defendants deny the allegations in Paragraph 152, except state that Paragraph 152 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

153. Defendants deny the allegations in Paragraph 153, except state that Paragraph 153 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

154. Defendants deny the allegations in Paragraph 154, except state that Paragraph 154 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

**K.    Defendants Knew That Their Statements About IronNet's Customers and Contracts Were Misleading**

158.    Defendants state that no response is required to the allegations in Paragraph 158 concerning Defendants' statements regarding customer development because the Court has held such statements cannot form the basis for a securities fraud claim.  ECF No. 53 at 18-19. Defendants otherwise deny the allegations in Paragraph 158, except state that Paragraph 158 purports to characterize, quote from, or cite to documents to which Defendants refer the Court for their contents.

159.    Defendants deny the allegations in Paragraph 159.

**L.    Chief Revenue Officer Sean Foster's Resignation is Suspicious In Timing And Supports His Scienter, Which Can Be Imputed To IronNet**

160.    Defendants state that no response to Paragraph 160 is required because in its August 9, 2023 Memorandum Opinion and Order the Court held that "the timing of Foster's resignation does not support an inference of scienter."  ECF No. 53 at 22 n.10.  To the extent a response is required, Defendants deny the allegations of Paragraph 160, except admit that, on December 15, 2021, the Company announced that it and Sean Foster had mutually agreed that Mr. Foster would depart the Company at the end of the month to pursue other opportunities.

161.    Defendants state that no response to Paragraph 161 is required because in its August 9, 2023 Memorandum Opinion and Order the Court held that "the timing of Foster's resignation does not support an inference of scienter."  ECF No. 53 at 22 n.10.  To the extent a response is required, Defendants deny the allegations in Paragraph 161, except state that Mr. Foster was aware of the Company's revenue and ARR guidance.

162.    Defendants state that no response to Paragraph 162 is required because in its August 9, 2023 Memorandum Opinion and Order the Court held that "the timing of Foster's resignation

does not support an inference of scienter."  ECF No. 53 at 22 n.10.  To the extent a response is required, Defendants admit that Mr. Foster departed the Company at the end of December 2021.

163.    Defendants state that no response to Paragraph 163 is required because in its August 9, 2023 Memorandum Opinion and Order the Court held that "the timing of Foster's resignation does not support an inference of scienter."  ECF No. 53 at 22 n.10.  To the extent a response is required, Defendants deny the allegations of Paragraph 163.

164.    Defendants state that no response to Paragraph 164 is required because (i) in its August 9, 2023 Memorandum Opinion and Order the Court held that "the timing of Foster's resignation does not support an inference of scienter," ECF No. 53 at 22 n.10, and (ii) Paragraph 164 states a legal conclusion.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

## VIII.  LOSS CAUSATION

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172, except state that information regarding the price of IronNet common stock is a matter of public record and speaks for itself.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

## IX. CLASS ACTION ALLEGATIONS

175. Paragraph 175 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 175, except admit that Plaintiffs purport to bring this lawsuit as a class action.

176. Paragraph 176 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 176.

177. Paragraph 177 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 177.

178. Paragraph 178 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 178.

179. Paragraph 179 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 179.

180. Paragraph 180 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 180.

## X. APPLICABILITY OF PRESUMPTION OF RELIANCE

181. Paragraph 181 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 181.

182. Paragraph 182 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 182.

183. Paragraph 183 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 183.

## XI. NO SAFE HARBOR

184. Paragraph 184 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 184.

## XII. CAUSES OF ACTION

### COUNT I.
### Violation of Section 10(b) of the Exchange Act
### and Rule 10b-5 Promulgated Thereunder

185. Defendants repeat and incorporate by reference the answer to each Amended Complaint paragraph set forth above.

186. Paragraph 186 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 186.

187. Paragraph 187 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 187.

188. Paragraph 188 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 188.

189. Paragraph 189 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 189.

190. Paragraph 190 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 190.

191. Paragraph 191 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 191.

192. Paragraph 192 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 192.

193. Paragraph 193 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 193.

194. Paragraph 194 asserts legal conclusions to which no response is required. To extent a response is required, Defendants deny the allegations in Paragraph 194.

## COUNT II.
### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

195.    The Individual Defendants repeat and incorporate by reference the answer to each Amended Complaint paragraph set forth above.

196.    Paragraph 196 asserts legal conclusions to which no response is required.  To extent a response is required, the Individual Defendants deny the allegations in Paragraph 196.

197.    Paragraph 197 asserts legal conclusions to which no response is required.  To extent a response is required, the Individual Defendants deny the allegations in Paragraph 197.

198.    Paragraph 198 asserts legal conclusions to which no response is required.  To extent a response is required, the Individual Defendants deny the allegations in Paragraph 198.

## COUNT III.
### Violation of Section 20A of the Exchange Act Against
### Defendant Alexander

199.    Defendant Alexander repeats and incorporates by reference the answer to each Amended Complaint paragraph set forth above.

200.    Paragraph 200 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 200.

201.    Paragraph 201 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 201.

202.    Paragraph 202 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 202.

203.    Paragraph 203 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 203.

204.    Paragraph 204 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 204.

205.     Paragraph 205 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 205.

206.     Defendant Alexander admits that sales of his IronNet common stock were made pursuant to a Rule 10b5-1 trading plan on the dates referenced in Paragraph 206.

207.     Paragraph 207 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 207.

208.     Paragraph 208 asserts legal conclusions to which no response is required.  To extent a response is required, Defendant Alexander denies the allegations in Paragraph 208.

## XIII.  PRAYER FOR RELIEF

The paragraphs in the "Prayer for Relief" section comprise Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Defendants deny each and every paragraph therein, including, but not limited to, denying that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure and denying that Plaintiffs are entitled to any relief whatsoever.

## XIV.  JURY TRIAL DEMANDED

The paragraph in the section titled "Jury Trial Demanded" is Plaintiffs' demand for a jury trial, to which no response is required.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof, persuasion, or production where such burden does not otherwise rest on Defendants.

## FIRST DEFENSE

1.      The AC fails to state a claim upon which relief may be granted and to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) & (2).

## SECOND DEFENSE

2.      Plaintiffs' claims are barred, in whole or in part, because the remaining challenged statements at issue in the case were not materially false or misleading.

## THIRD DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class knew or should have known the allegedly omitted or misstated information, which was publicly available.

## FOURTH DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because the challenged forward-looking statements fall within one or more of the PSLRA safe harbors for forward-looking statements.

## FIFTH DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

## SIXTH DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, barred because Plaintiffs and the putative class were informed of the material facts concerning their investments and the risks

associated with investing in IronNet and IronNet's business. Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

## SEVENTH DEFENSE

7.     Defendants did not intentionally or recklessly make any misrepresentation or fail to disclose any fact or circumstance that they were obligated to disclose.

## EIGHTH DEFENSE

8.     Defendants acted in good faith and without knowledge that any remaining challenged statement or alleged omission was materially false or misleading.

## NINTH DEFENSE

9.     None of the remaining challenged statements or alleged omissions proximately caused Plaintiffs or any other member of the putative class economic harm, damage, or loss.

## TENTH DEFENSE

10.     The alleged economic harm, damage, or loss of Plaintiffs and other members of the putative class was caused by factors other than the remaining challenged statements or alleged omissions.

## ELEVENTH DEFENSE

11.     Plaintiffs and other members of the putative class have failed, and continue to fail, to act reasonably to mitigate their alleged economic harm, damage, or loss.

## TWELFTH DEFENSE

12.     If it should be determined that Plaintiffs or other members of the putative class have been damaged, any such damages are limited by the PSLRA, 15 U.S.C. § 78u-4(e).

**THIRTEENTH DEFENSE**

13.     This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**RESERVATION OF RIGHTS**

Future discovery may reveal additional facts that support additional defenses presently available, but unknown, to Defendants.  Defendants thereby reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation as may be appropriate.

**CONCLUSION**

WHEREFORE, Defendants respectfully request entry of judgment granting the following relief:

(a)     dismissing the AC with prejudice and granting judgment in Defendants' favor on all claims;

(b)     awarding the costs of defending this action, including attorneys' fees, expert fees, costs and disbursements; and

(c)     granting such other and further relief that it deems appropriate.

Dated: September 15, 2023

Respectfully submitted,

COOLEY LLP

By: /s/ *Robert T. Cahill*

    Robert T. Cahill (VSB 38562)

Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5656
Telephone:   (703) 456-8000
Facsimile:   (703) 456-8100
Email: rcahill@cooley.com

Aric H. Wu (*pro hac vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone:   (212) 479-6000
Facsimile:   (212) 479-6275
Email: ahwu@cooley.com

*Attorneys for Defendants IronNet, Inc., Keith B. Alexander, William E. Welch, and James C. Gerber*