**EXHIBIT A**

EXECUTION COPY

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

*In re IronNet, Inc. Securities Litigation*

Case No. 1:22-cv-00449-RDA-JFA

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is made and entered into by and between (a) Court-appointed Lead Plaintiff James Shunk ("Lead Plaintiff") and additional named plaintiff Justin Gruetzmacher, on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand ("Plaintiffs"), and (b) Defendants IronNet, Inc. ("IronNet" or the "Company"), Keith B. Alexander, James C. Gerber, and William E. Welch (collectively, the "Individual Defendants" and with IronNet, "Defendants"), on the other (Defendants and Plaintiffs are collectively referred to herein as the "Parties"), by and through their counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the Eastern District of Virginia (the "Court"). This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims (defined below) against Defendants and the other Released Defendant Parties (defined below), and the Released Defendants' Claims (defined below) against the Released Plaintiff Parties (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B.      This Action was commenced with the filing of a complaint on April 22, 2022.

C.      On July 15, 2022, the Court appointed James Shunk as Lead Plaintiff. ECF No. 41.

D.      Before filing the August 29, 2022 amended complaint (the "Complaint") in this Action, Lead Plaintiff, through Lead Counsel conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.[1]  Lead Plaintiff, through Lead Counsel, reviewed and analyzed: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; and (iv) other publicly available information and data concerning the Company.  Lead Plaintiff, through Lead Counsel, also interviewed former IronNet employees; consulted with experts concerning damages; submitted Freedom of Information Act requests to the Department of Defense and the Securities and Exchange Commission; and researched the applicable law governing the claims and potential defenses.

E.      On August 29, 2022, Plaintiff filed the Complaint, alleging Section 10(b) and Section 20(a) claims against all Defendants and a Section 20A claim against Defendant Alexander. ECF No. 46.  Defendants moved to dismiss the Complaint, Plaintiffs opposed, and Defendants replied. ECF Nos. 50, 51, 52.

F.      On August 9, 2023, the Court denied Defendants' motion to dismiss. ECF No. 53.

---

[1] As set forth below, Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages.

G.      On October 3, 2023, Plaintiffs served Interrogatories and Requests for Production on Defendants.

H.      Also on October 3, 2023, Defendants informed Lead Counsel that Arnold & Porter Kaye Scholer LLP would be substituting in as counsel for Cooley LLP as counsel for Defendants.

I.      On October 12, 2023, Plaintiffs served Initial Disclosures on Defendants.

J.      On October 12, 2023, IronNet's Bankruptcy counsel Young, Conaway, Stargatt & Taylor filed for IronNet's Chapter 11 bankruptcy. *See In Re: IronNet Inc.*, 1:23-BK-11710 (D. Del.).

K.      On October 24, 2023, IronNet filed a Suggestion of Bankruptcy in this Action that noted the Action had been stayed against IronNet upon the October 12, 2023 Chapter 11 filing (Dkt. # 65).

L.      In December 2023, Lead Counsel retained experienced bankruptcy counsel, Lowenstein Sandler LLP, to assist Lead Counsel in protecting Plaintiffs and the Settlement Class by ensuring that Plaintiffs' already sustained claims against IronNet would not be released through the bankruptcy.

M.      On December 22, 2023, Lead Counsel had Proofs of Claim forms filed for Plaintiffs and the Settlement Class.

N.      Throughout early January 2024, Lead Counsel and Lowenstein Sandler had ongoing negotiations with IronNet's Bankruptcy Counsel concerning the language in IronNet's plan of reorganization (the "Plan") to ensure that it adequately protected Plaintiffs and the Settlement Class.

O.      On January 18, 2024, the *Amended Joint Chapter 11 Plan of Reorganization of IronNet, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* was confirmed

by the Bankruptcy Court which expressly stated that Plaintiffs' claims in this Action were not released. *Id.* at ECF No. 330, page 48. On February 21, 2024, the Plan became effective. *See* Bankruptcy Case Docket (ECF Nos. 330, 363).

      P.      Settlement discussions between the Parties also began in early 2024. On March 12, 2024, the Parties participated in an all-day mediation with Jed Melnick of JAMS. In advance of the session, the Parties provided mediation statements to the mediator. The full-day mediation session ended without a settlement, but the Parties continued to negotiate and presented supplemental mediation statements to the mediator on March 22, 2024. In the months that followed, the Parties continued to work with the mediator to see if a settlement could be achieved. On June 4, 2024, the Parties reached an agreement in principle to settle the Action, subject to final settlement documentation and final Court approval, and continued thereafter to negotiate the terms of settlement. This Stipulation (together with the exhibits thereto) constitutes the final and binding agreement between the Parties.

      Q.      On April 18, 2024, Defendants filed a Status Update in this Action notifying the Court that the Parties were engaged in settlement discussions. ECF No. 67.

      R.      On July 3, 2024, the Parties agreed on a term sheet setting forth principal terms of the Settlement, including, among other things, a full and broad release of any and all claims and causes of action that have been, could have been or in the future can or might be asserted against Defendants in the Action and related claims, in return for a cash payment by, or on behalf of, Defendants of $6,625,000 (the "Settlement Amount"), for the benefit of the Class.

      S.      Lead Plaintiff believes that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Lead Plaintiff and Lead Counsel have taken into account the uncertain outcome and the risk of

continuing litigation in this Action, especially given the complexity of this Action, the inherent difficulties in prevailing on securities fraud claims, and the limitations caused by IronNet's bankruptcy. Plaintiffs are particularly mindful of the challenging proof burden that they bear on scienter and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate, and in the best interest of the members of the proposed Settlement Class (defined below). Based on Lead Plaintiff's oversight of the prosecution of this matter, and with the advice of Lead Counsel, Lead Plaintiff and additional named plaintiff, on behalf of themselves and the Settlement Class, have agreed to settle, release, and dismiss with prejudice all claims asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the limits imposed by a defendant in the process of emerging from bankruptcy.

T.    Defendants have denied and continue to deny any and all allegations against them of fault, liability, wrongdoing, or damages, and deny that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and are entering into this Stipulation to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability against such Defendant arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events

constitute wrongdoing or give rise to legal liability. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Class Members have suffered damages or were otherwise harmed in any way by any Defendants or by the conduct alleged in the Action. Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, uncertainties, inconvenience, and burden of this Action, and to obtain the conclusive and final dismissal of this Action and release of the Released Plaintiffs' Claims. Further, this Stipulation, whether or not consummated, together with any proceedings related to settlement, whether or not consummated, shall in no event be construed, offered, received, or deemed to be evidence supporting, or an admission, presumption, or concession on the part of any Defendant or Released Defendant Party with respect to, any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any of the defenses that any Defendants have or could have asserted.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in any of their defenses that Defendants have or could have asserted, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever

compromised, settled, released, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *In re IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA, pending in the United States District Court for the Eastern District of Virginia before the Honorable Rossie Alston, Jr. United States District Judge, or any judge subsequently assigned.

(b)     "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)     "Authorized Claimant" means a Class Member who submits a valid Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

(d)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)     "Claims Administrator" means Strategic Claims Services, Inc., which is to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Class Members, to process Claim Forms, and to administer the Settlement.

(f)     "Class" or "Settlement Class" means all Persons who purchased and/or otherwise acquired IronNet securities from September 14, 2021 through December 15, 2021, inclusive. Excluded from the Class are (i) Defendants, (ii) the officers and directors of IronNet

during the Class Period, (iii) the immediate family members, legal representatives, heirs, successors, and assigns of all excluded individuals, and (iv) any affiliates or other entities in which Defendants have or had a controlling interest during the Class Period.

(g)    "Class Member" means any one of, and "Class Members" means all of, the members of the Class.

(h)    "Class Period" means the period from September 14, 2021 through December 15, 2021, inclusive.

(i)    "Defendants' Counsel" means any of Defendants' counsel in this Action, including the law firm of Arnold & Porter Kaye Scholer LLP or any successor thereto.

(j)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 41 below.

(k)    "Escrow Account" means a separate escrow account that has been or will be established at a national banking institution to receive the Settlement Amount for the benefit of the Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(l)    "Escrow Agent" means Bernstein Liebhard LLP and any successor(s).

(m)    "Fee and Expense Application" means Lead Counsel's application, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any award to Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4).

(n)    "Final," with respect to a court order, including the proposed Judgment or Alternative Judgment, means the later of: (i) the expiration of the time to file a motion to alter or amend the Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time provided for filing or noticing

any appeal under the Federal Rules of Appellate Procedure, *i.e.*, currently thirty (30) days after entry of the court order, with no appeal being filed; or (iii) if there is an appeal from a court order or a motion to alter or amend the order under Federal Rule of Civil Procedure 59(e), (a) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise, such that no further judicial review or appeal is permitted, whether by reason of affirmation by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of this Stipulation, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review with no such petition or other form of review being sought, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted or further review is sought, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(o)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(p)     "Insurers" means insurers, including reinsurers and co-insurers, under director and officer, company securities, or similar liability policies that cover or covered Defendants or other Released Defendant Parties.

(q)    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(r)    "Lead Counsel" means Bernstein Liebhard LLP.

(s)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Class), for which Lead Counsel intends apply to the Court for payment or reimbursement from the Settlement Fund.

(t)    "Mediator" means Jed Melnick of JAMS.

(u)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(v)    "Notice" means the long-form Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses, which will be available on a dedicated website created by the Claims Administrator as well as on Lead Counsel's website, and which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(w)    "Notice and Administration Expenses" means all costs, fees, and expenses reasonably incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by email, mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(x)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(y)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(z)    "Plan of Allocation" means any plan or proposed plan for the distribution of the Net Settlement Fund.  No Plan of Allocation is part of the Stipulation and the Released Defendant Parties shall have no responsibility or liability with respect thereto.

(aa)    "Postcard Notice" means a postcard mailing providing a summary of the information in the Notice and instructing Class Members on how to participate, object to, or exclude themselves from, the Settlement, including where to find the Notice and Claim Form online. The Postcard Notice, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3.

(bb)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(cc)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2.

(dd)    "Released Defendant Parties" means Defendants, together with their respective past, present, or future affiliates, divisions, joint ventures, assigns, assignees, assignors,

direct or indirect parents or subsidiaries, shareholders, controlling shareholders, successors, predecessors, parent corporations, sister corporations, subsidiaries, principals, legatees, devisees, receivers, settlors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future Officers, directors, agents, employees, independent contractors, servants, agents, partners, partnerships, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, Insurers (including reinsurers and co-insurers) and Immediate Family members, and the legal or personal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors-in-interest, or assigns of any of the foregoing.

(ee)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that (i) directly or indirectly arise out of or relate to the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions alleged in the Action, or which could have been alleged in the Action, (ii) arise out of, are based upon, or relate to the purchase, acquisition, sale, or disposition of IronNet securities during the Class Period, or (iii) relate to the institution, prosecution, defense, and settlement of the Action.  Released Defendants' Claims shall not include: (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any Person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(ff)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(gg)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below),

contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, that: (i) Plaintiffs or any other Class Member asserted in the Action or in any complaint filed in the Action; or (ii) Plaintiffs or any other Class Member could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of, both (i) the allegations, transactions, facts, events, matters, occurrences, representations, disclosures, non-disclosures, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints or documents and other discovery in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, and (ii) the purchase, acquisition, sale, or disposition of IronNet securities during the Class Period. For the avoidance of doubt, Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement.

(hh) "Released Plaintiff Parties" means Lead Plaintiff, additional named plaintiff, each and every Class Member, Lead Counsel, and each of their respective past or present or future trustees, Officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, advisors, predecessors, successors, assigns, Insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, Immediate Family, representatives, and heirs of any Released Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their Immediate Family. Released Plaintiff Parties does not include any Person excluded from the definition of the Class or Class Member, including any Person who timely and validly seeks exclusion from the Class.

(ii)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(jj)    "Settlement Amount" means the total amount of six million six hundred twenty-five thousand U.S. dollars ($6,625,000) in cash.

(kk)    "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(ll)    "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(mm)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-4.

(nn)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(oo)    "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other member of the Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With

respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties

stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and

each Class Member shall be deemed to have, and by operation of the Judgment or Alternative

Judgment shall have expressly waived and relinquished any and all provisions, rights and benefits

conferred by any law of any state or territory of the United States or any other jurisdiction, or

principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542,

which provides:

> A general release does not extend to claims that the creditor or
> releasing party does not know or suspect to exist in his or her favor
> at the time of executing the release and that, if known by him or her,
> would have materially affected his or her settlement with the debtor
> or released party.

Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or

authorities in addition to or different from those which any of them now knows, suspects, or

believes to be true with respect to the Action, the Released Plaintiffs' Claims, or the Released

Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle

and release, and each Class Member shall be deemed to have fully, finally, and forever settled and

released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment

shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims

and Released Defendants' Claims as applicable, without regard to the subsequent discovery or

existence of such different or additional facts, legal theories, or authorities. Plaintiffs and

Defendants acknowledge, and all Class Members by operation of law shall be deemed to have

acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs'

Claims and Released Defendants' Claims was separately bargained for and was a material element

of the Settlement.

## CLASS CERTIFICATION

2.       Solely for purposes of the Settlement and for no other purpose, the Parties stipulate

and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3)

of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead

Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as

Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil

Procedure.   In the event the Settlement is terminated, the Settlement is not approved, or the

Effective Date of the Settlement otherwise fails to occur, Defendants reserve the right to contest

class certification and the appointment of Class Representatives, and all other rights and defenses

concerning class certification and the appointment of Class Representatives and Class Counsel.

## SCOPE AND EFFECT OF SETTLEMENT

3.       The obligations incurred pursuant to this Stipulation are (a) subject to approval by

the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (b) in full and final disposition of the Action with respect to the Released Parties and any and

all Released Plaintiffs' Claims and Released Defendants' Claims.

4.       By operation of the Judgment or Alternative Judgment, as of the Effective Date,

Plaintiffs, and each of the other Class Members, and any other Person claiming (now or in the

future) through or on behalf of them (regardless of whether any such Person ever seeks or obtains

by any means, including, without limitation, by submitting a Proof of Claim, any disbursement

from the Settlement Fund), shall be deemed to have, and by operation of the Judgment or

Alternative Judgment shall have, on behalf of themselves and each of their respective heirs,

executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in

their capacities as such, (i) fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Plaintiffs' Claims against each of the Released Defendant Parties, (ii) covenanted not to sue any Defendants or Released Defendant Parties with respect to any and all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined from commencing, prosecuting, instituting, instigating, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, (i) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and covenanted not to sue any Released Plaintiff Parties with respect to all such Released Plaintiffs' Claims and (ii) shall forever be barred and enjoined from commencing, prosecuting, instituting, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6.      In full and final release, settlement, and discharge of all claims asserted in the Action against Defendants and in consideration of the release of the Released Plaintiffs' Claims against the Released Defendant Parties, all of which the Parties agree are good and valuable consideration, Defendants shall pay, or cause Insurers or others to pay, the Settlement Amount into the Escrow Account (subject to ¶ 45 within thirty (30) calendar days following the later of (i) the entry of the Preliminary Approval Order granting preliminary approval of the proposed settlement

by the Court and (ii) receipt by Defendants and Insurers or others from Lead Counsel of complete payment and wire transfer instructions necessary to effectuate a transfer of funds (including an executed Form W-9) for the Escrow Account, which Lead Counsel shall provide no later than three (3) business days following entry of the Preliminary Approval Order to Defendants (in accordance with ¶ 73).

7.    Plaintiffs and each of the Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. With the sole exception of Defendants, the Insurers, or others' obligation to pay or cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6 (and interest in the refund or return of such payment in accordance with this Stipulation), the Released Defendant Parties shall have no obligation to pay any amounts, nor any responsibility for, interest in, or liability whatsoever with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including, without limitation: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Plaintiffs or any Class Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Plaintiffs' Claims; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, distribution, or allocation of the Settlement Fund; (iv) any Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.     Other than the obligation of Defendants, the Insurers, or others to pay or cause the payment of the Settlement Amount pursuant to ¶ 6, the Released Defendant Parties shall have no obligation to make or cause to be made any other payments into the Escrow Account or to any Class Member or Lead Counsel in settlement of the Action or pursuant to this Stipulation. Under no circumstances will Defendants or its Insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and Litigation Expenses of Lead Counsel awarded by the Court and any award to Lead Plaintiff; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court. No monies may be disbursed from the Settlement Fund absent written agreement of Defendants' Counsel or by order of the Court until after the Effective Date except as provided herein in ¶¶ 10, 14, 22, and 46.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 22-36 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all interest and earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in account(s)

that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance, or in a bank with at least $50 billion in assets. Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no responsibility for, or liability whatsoever with respect to, investment decisions executed by the Escrow Agent. All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

11.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶ 11, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including

without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 11.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount (or otherwise) nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any Defendants, Insurers, or any other Released Defendants Parties on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).

(d)    The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶ 11. For the avoidance of doubt, however, Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no responsibility for, or any liability whatsoever with respect to, the foregoing provided in this ¶ 11.

12.    This is not a claims-made settlement. Except as otherwise provided herein, as of the Effective Date, Defendants, Insurers, and/or any other Person funding the Settlement on a Defendant's behalf shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

13.    Lead Counsel will file the Fee and Expense Application applying to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

14.    Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid by the Escrow Agent from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, or as otherwise ordered by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

15.    Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶ 13-14 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to

become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by court order. In the event that (i) the Effective Date does not occur, (ii) the Judgment or Alternative Judgment is reversed, (iii) the Judgment, Alternative Judgment, or any other court order is modified in any way that affects the award of attorneys' fees and/or expenses, or (iv) the Stipulation is terminated for any other reason, then Lead Counsel shall be jointly and severally obligated to refund either the full amount of the fees and expenses or an amount consistent with any modification of the Judgment, Alternative Judgment, or any other court order with respect to the award of attorneys' fees and/or expenses, including accrued interest at the same rate as is earned by the Settlement Fund.

16.    Lead Counsel shall make the appropriate refund or repayment no later than ten (10) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by court order, or notice of any reduction or reversal of the award of attorneys' fees and/or Litigation Expenses by court order.

17.    Lead Counsel agrees that it and its partners are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Stipulation relating to any award of attorneys' fees and/or expenses and shall be jointly and severally liable for repayment of all attorneys' fees expenses awarded by the Court. Furthermore, without limitation, Lead Counsel agrees that the Court may, upon application of Defendants or Defendants' Counsel, summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of, or impose sanctions for, contempt against Lead Counsel or its partners should they fail timely to refund or repay fees and expenses as required pursuant to this Stipulation.

18.    Other than the obligation of Defendants or Insurers to pay or cause the payment of the Settlement Amount pursuant to ¶ 6, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

19.    Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

20.    Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to any attorneys' fees, costs, or expenses incurred by or on behalf of Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants, or Insurers on their behalf, for any award of attorneys' fees and expenses ordered by the Court.

21.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including without limitation an award of attorneys' fees or Litigation Expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, (i) is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein; and (ii) shall not operate to terminate or cancel the Stipulation or Settlement, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Plaintiffs' Claims against the Released Defendant Parties, or any other orders entered

pursuant to the Stipulation. Lead Plaintiff and/or Lead Counsel may not cancel or terminate the

Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on any objection or appeal

with respect to fees or expenses awarded or not awarded in the Action or the Court's or an appellate

court's ruling with respect to fees and expenses awarded or not awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

22.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the

Escrow Account until the Effective Date.

23.    Prior to the Effective Date, and after the Court enters the Preliminary Approval

Order, without further approval from Defendants or further order of the Court, Lead Counsel may

pay from the Settlement Fund reasonable Notice and Administration Expenses actually incurred

of up to five hundred thousand U.S. dollars ($500,000). Additional amounts may be paid before

the Effective Date upon approval from Defendants or order of the Court. Taxes may be paid as

incurred without further order of the Court or approval of Defendants. Other than with respect to

any obligation Defendants may have pursuant to the Class Action Fairness Act of 2005 ("CAFA"),

Defendants, Insurers, Defendants' Counsel, and the other Released Defendant Parties shall have

no responsibility for, and no liability whatsoever with respect to, Notice to the Class or any Notice

and Administrative Expenses.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

24.    The Claims Administrator, subject to such supervision and direction of Lead

Counsel and/or the Court as may be necessary or as circumstances may require, shall administer

the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of

Allocation, and subject to the jurisdiction of the Court. Defendants, Insurers, Defendants' Counsel,

and the other Released Defendant Parties shall have no responsibility for, or liability whatsoever

with respect to, the administration of the Settlement or the actions or decisions of the Claims

Administrator and shall have no liability to the Class in connection with such administration.

25.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other Plan of Allocation as the Court may approve.

26.     Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved by the Court. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any Plan of Allocation in the Action. None of Defendants, Insurers, Defendants' Counsel, or the other Released Defendant Parties shall have any responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

27.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to each Authorized Claimant whose recognized claim computes to $10.00 or more.

28.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and

Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Lead Plaintiff, the Claims Administrator shall, if economically feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Lead Plaintiff, shall be donated to the Consumer Federation of America, or a non-profit and non-sectarian organization(s) chosen by the Court.

## ADMINISTRATION OF THE SETTLEMENT

29.    Any Class Member who fails to submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court. For the avoidance of doubt, any such Class Member will be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be permanently barred and enjoined from commencing, prosecuting, instituting, instigating, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

30.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the discretion, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby. Lead Counsel shall bear no responsibility for the exercise or non-

exercise of this discretion. Defendants, Insurers, Defendants' Counsel, and the other Released

Defendant Parties shall have no liability, obligation or responsibility for the administration of the

Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims.

Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to

approval by the Court.

31.    For purposes of determining the extent, if any, to which a Claimant shall be entitled

to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in

the form attached hereto as Exhibit A-2, supported by such documents as are designated therein,

including proof of the Claimant's loss, or such other documents or proof as the Claims

Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the

Preliminary Approval Order and specified in the notices, unless such deadline is extended by Lead

Counsel in their discretion or by Order of the Court. Any Class Member who fails to submit a

Claim Form by such date shall be barred from receiving any distribution from the Net Settlement

Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of

Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all

of the terms of this Stipulation and the Settlement, including the terms of the Judgment or

Alternative Judgment and all releases provided for herein, and will be permanently barred and

enjoined from commencing, prosecuting, instituting, or participating in the commencement or

prosecution of any action or other proceeding, in any forum, asserting any and all of the Released

Plaintiffs' Claims against any of the Released Defendant Parties. A Claim Form shall be deemed

to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-

class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose timely claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

32.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

33.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from commencing, prosecuting, instituting, instigating, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

34.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

35.    No Person shall have any claim of any kind against Defendants, Insurers, Defendants' Counsel, or the other Released Defendant Parties with respect to the matters set forth

in this section (i.e., ¶¶ 29-36) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

36.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

37.    In conjunction with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the forms of notice, and prescribe the method(s) for giving notice of the Settlement to the Class.

38.    Defendants have made reasonable, good faith efforts to provide and/or to facilitate provision by its transfer agent to Lead Counsel of its transfer records of Persons who purchased IronNet securities on the open market on a United States stock exchange during the Class Period. After these efforts, IronNet has been unable to access such transfer records due to complications surrounding the Company's bankruptcy.

## TERMS OF THE JUDGMENT

39.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

00805454;V1                                    - 31 -

40.    Pursuant to the Judgment or the Alternative Judgment, the Class shall be certified for purposes of this Settlement, but in the event that the Judgment or Alternative Judgment does not become Final or the Settlement fails to become effective for any reason in accordance with this Stipulation, all Parties reserve all their rights on all issues, including class certification.

## EFFECTIVE DATE OF SETTLEMENT

41.    The Effective Date of this Settlement shall be the date upon which the last in time of all of the following events occurs or has been waived:

(a)    entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit A;

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    elapse of the time permitted for Defendants to exercise their option to terminate the Settlement under ¶¶ 42-43, without their having done so;

(d)    approval by the Court of the Settlement, following notice to the Class; and

(e)    a Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

42.    Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto, within fourteen (14) calendar days following: (i) the entry of a court order declining to enter the Preliminary Approval Order in any material respect; (ii) the entry of a court order declining to approve this Stipulation or any material part of it; (iii) the entry of a court order declining to enter (a) the Judgment in any material respect or (b) an Alternative Judgment that is acceptable to the Parties; (iv) the entry of a court order refusing to

dismiss the Action with prejudice; or (v) the entry of a court order by which the Judgment or Alternative Judgment is modified or reversed in any material respect. For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any Plan of Allocation.

43.    In addition to the foregoing, Defendants shall also have the right, each in his, her, or its sole and absolute discretion, to terminate the Settlement and this Stipulation in accordance with the requirements and procedures set forth in the Supplemental Agreement (defined below).

(a)    Simultaneously herewith, the Parties, through counsel, are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the right to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").

(b)    The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court. The Supplemental Agreement shall not otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 48-50 which shall continue to apply.

44.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion or a written retraction of such a request, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or a written retraction of such a request, notify Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such requests for exclusion or retractions and any documentation accompanying them by email.

45.     In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 6 above, but only if Lead Plaintiff has first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fifteen (15) business days of such written notice.

46.     If, before the Effective Date, a court of competent jurisdiction enters a final order determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of Defendants was a preference, voidable transfer, fraudulent transfer, or similar transaction; and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, Lead Plaintiff may move the Court before the Effective Date to vacate and set aside any releases given and the Judgment or Alternative Judgment. In such event, the entirety of the Settlement Amount shall be returned in accordance with ¶ 49 and the Parties shall be restored to their litigation positions as of September 23, 2024.

47.     If a right to withdraw from and terminate this Stipulation and Settlement arises under any provision of this Stipulation: (i) neither Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Plaintiffs, as applicable.

48.     With the exception of the provisions of this paragraph and ¶ 49 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 23, 2024; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise.

49.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid with accrued interest attributable to that amount, including without limitation any attorneys' fees and expenses advanced or paid to Lead Counsel in accordance with ¶¶ 13-16, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those Insurers or Persons who funded the Settlement Amount within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. The Escrow Agent or its designees

shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Insurer(s) or Person(s) that made the deposits or as otherwise directed by Defendants' Counsel.

## NO ADMISSION

50.    Except as set forth in ¶ 51 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the mediation, the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Defendants or the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants, the Released Defendant Parties, or any Person whatsoever, or of any infirmity in any defenses of Defendants;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendants or the Released Defendant Parties, or

against or to the prejudice of Plaintiffs, or any other member of the Class, as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Defendants or the Released Defendant Parties, Plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

51.    Notwithstanding ¶ 50 above, the Parties, their respective counsel, and the other Released Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, estoppel, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue

preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them hereunder or under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties and Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

52.    Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

53.    The Supplemental Agreement and all of the exhibits to the Stipulation, except any Plan of Allocation to the extent incorporated in those exhibits, are material and integral parts of this Stipulation and are fully incorporated herein by this reference.

54.    Plaintiffs and Lead Counsel agree that (a) they will not intentionally assist or cooperate with any Person to publicly disparage Defendants or the Released Defendant Parties with respect to any matter relating to the subject matter of this Action; and (b) they will not discuss the Settlement publicly prior to moving for preliminary approval.

55.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties and any other member of the Class with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to make any application for sanctions, pursuant to Fed. R. Civ. P. 11 or other court rule or statute, with respect to any claim or defense in this Action. The Judgment or Alternative Judgment, as the case may be, shall contain a finding that the Parties and their counsel at all times complied with the requirements of Fed. R. Civ. P. 11. The Parties agree that the amount paid and the other terms of the Settlement, with the facilitation of a mediator, were negotiated at arm's length and in good faith by the Parties and their respective counsel and reflect a settlement

that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

56.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

57.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

58.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation, including any Plan of Allocation and the distribution of the Net Settlement Fund to Authorized Claimants. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

59.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

60.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and this Stipulation and its exhibits and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

61.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

62.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

63.    All designations, agreements made, and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

64.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via email in pdf format shall be deemed originals.

65.    The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

66.    This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

67.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

68.    The construction, interpretation, operation, effect, and validity of this Stipulation, including the Supplemental Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

00805454;V1                                - 40 -

69.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

70.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

71.    All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

72.    Plaintiffs and Lead Counsel represent and warrant that Lead Plaintiff is a Class Member and that none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

73.    Except in the event of a termination as otherwise provided in this Stipulation, the Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

74.     If any Party is required to give notice to another Party under this Stipulation, such
notice shall be in writing and shall be deemed to have been duly given upon receipt of hand
delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| If to Lead Plaintiff: | Bernstein Liebhard LLP |
| | Attn: |
| |     Laurence J. Hasson |
| |     Joseph R. Seidman, Jr. |
| | 10 East 40th Street |
| | New York, NY 10016 |
| | Telephone: (212) 779-1414 |
| | lhasson@bernlieb.com |
| | seidman@bernlieb.com |

| If to Defendants: | Arnold & Porter Kaye Scholer LLP |
| | Attn: Aaron Miner |
| |     Stephanna Szotkowski |
| | 250 West 55th Street |
| | New York, NY 10019-9710 |
| | Tel.: 212.836.7123 |
| | Fax: 212.836.8689 |
| | Aaron.Miner@arnoldporter.com |
| | stephanna.szotkowski@arnoldporter.com |

75.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

76.     Whether or not the Stipulation is approved by the Court and whether or not the
Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use
reasonable best efforts to maintain the confidentiality of the negotiations, discussions, acts
performed, drafts, documents signed, and proceedings in connection with the Stipulation, other
than this Stipulation and the Settlement (except as otherwise provided herein, including in
particular with respect to the Supplemental Agreement, which shall remain confidential).

77.     All agreements made and orders entered during the course of this Action relating
to the confidentiality of information shall survive this Settlement.

78.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual members of the Class is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  The tax obligations of each member of the Class, and the determination thereof, are the sole responsibility of the members of the Class, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual member of the Class.

79.     Pending final determination of whether the Settlement should be approved, the Parties shall seek to stay all proceedings in this Action that are unrelated to the Settlement and agree that they shall not prosecute any of the Released Plaintiffs' Claims against Defendants or any of the Released Defendant Parties.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by

their duly authorized attorneys, as of September 23, 2024.

**BERNSTEIN LIEBHARD LLP**

By: *Laurence J. Hasson by JRS*
_____
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
lhasson@bernlieb.com
seidman@bernlieb.com

*Lead Counsel for Lead Plaintiff James Shunk,
Additional Named Plaintiff Justin Gruetzmacher and the
Settlement Class*

**THE KAPLAN LAW FIRM**
Matthew B. Kaplan (VSB # 51027)
THE KAPLAN LAW FIRM
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22205
Tel: (703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Local Counsel for Lead Plaintiff James Shunk,
Additional Named Plaintiff Justin Gruetzmacher and the
Settlement Class*

**ARNOLD & PORTER KAYE SCHOLER LLP**

_____
Aaron F. Miner (pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.7123
Fax: 212.836.8689
Aaron.Miner@arnoldporter.com

Stephanna F. Szotkowski (pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP

70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel.: 312.583.2300
Fax: 312.583.2360
stephanna.szotkowski@arnoldporter.com

*Counsel for Defendants IronNet, Inc., Keith B.
Alexander, William E. Welch, and James C. Gerber*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re IronNet, Inc. Securities Litigation* | Case No. 1:22-cv-00449-RDA-JFA |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.　　On September 23, 2024, Court-appointed Lead Plaintiff James Shunk ("Lead Plaintiff"), on behalf of himself and all other members of the Class (defined below), on the one hand, and Defendants IronNet, Inc. ("IronNet" or the "Company"), Keith B. Alexander, James C. Gerber, and William E. Welch (collectively, "Individual Defendants," and, together with IronNet, "Defendants," and, together with both IronNet and Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged therein, including in the Amended Class Action Complaint filed on August 20, 2022, with prejudice (the "Settlement");

B.　　The Court has reviewed and considered the Rule 23(e)(1) motion and the Stipulation along with the accompanying exhibits;

C.　　The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2024 that:**

1.      **Preliminary Approval of Settlement**.  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).

2.      **Certification of the Class for Purposes of the Settlement**.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Class of all Persons who purchased and/or otherwise acquired IronNet securities from September 14, 2021 through December 15, 2021, inclusive (the "Class Period"). Excluded from the Class are (i) Defendants, (ii) the officers and directors of IronNet during the Class Period, (iii) the immediate family members, legal representatives, heirs, successors, and assigns of all excluded individuals, (iv) any affiliates or other entities in which Defendants have or had a controlling interest during the Class Period, and (v) all persons or entities who have properly excluded themselves from the Class.

3.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion [at least 110 days after entry of this Order], on _____, 2024, at __:____ _.m., in Courtroom 1000 of the Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314-5704 for the following purposes:

(a)    to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied for purposes of the Settlement;

(b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

(c)    to determine whether a judgment substantially in the form of the proposed Judgment, as provided under the Stipulation, or Alternative Judgment, if applicable, should be entered, dismissing the Action with prejudice and to determine whether the releases of the Released Plaintiffs' Claims and Released Defendants' Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to commence, prosecute, institute, or participate in the commencement or prosecution of any action or other proceeding, in any forum, of the Released Plaintiffs' Claims and Released Defendants' Claims against any of the Released Parties, as also set forth in the Stipulation;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

4.    The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment or Alternative Judgment, if applicable,

approving the Settlement regardless of whether it has approved the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses or otherwise awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to Class Members. Any such changes shall be posted on the website for the Settlement.

5.      **Approval of Form and Manner of Giving Notice**.  The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form") (collectively, the "Notice Packet"), and the Postcard Notice (the "Postcard Notice"), substantially in the forms annexed to the Stipulation as Exhibits A-1, A-3, and A-2, respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

(b)      **Retention of Claims Administrator**. The Court approves the retention of Strategic Claims Services, Inc. as the Claims Administrator. The Claims Administrator shall send

to Class Members (i) the Postcard Notice, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2, and which provides a summary of the information in the Notice, including instructing Class Members on how to participate, object to, or exclude themselves from, the Settlement, and informing Class Members of the dedicated website online containing the Notice Packet, or (ii) when possible, an email containing the Postcard Notice, on or before fifteen (15) business days after the date of entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort.

6.     **Nominee Procedures**.  The Claims Administrator, under the supervision of Lead Counsel, shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired IronNet publicly traded securities on the open market on a United States stock exchange during the Class Period, as record owners but not as beneficial owners. Such nominees shall either: (a) within ten (10) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners by mail or email; or (b) within ten (10) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within ten (10) calendar days of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. (Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator to the extent they are available). Nominees who elect to send the Postcard Notice to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance

with these directions, such nominees may seek reimbursement for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.03 per name and address provided; (ii) $0.03 per email; or (iii) $0.03 per Postcard Notice, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve on Defendants' Counsel and file with the Court proof of mailing of the Notice and Claim Form.

8.      **Approval of Summary Notice**.  The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 4, and directs that Lead Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and be transmitted once over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.    **CAFA Notice.** IronNet shall cause notice to be served pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.

11.    **Participation in Settlement**. In order for a Class Member to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, a claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 3, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or received no later than seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their reasonable discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.

(b)    Any Class Member who does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived any right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the

releases provided for therein; and (d) will be permanently barred and enjoined from commencing, prosecuting, instituting, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

(c)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 17 below, such that it is received no later than twenty-one

(21) days prior to the Settlement Hearing, or as the Court may otherwise direct. If any Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

13.    **Exclusion from Class**.    Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner that is accepted by the Court, as hereinafter provided. A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, email, and telephone number of the Person seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person, and must state that the sender requests to be "excluded from the Class in *In re IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA" and must be signed by such Person. Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of IronNet securities on the open market on a United States stock exchange during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than seven (7) calendar days before the Settlement Hearing, in which event that Person will be included in the Class.

15.     Upon receipt of any request for exclusion or a written retraction of such a request, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receipt of a request for exclusion or a written retraction of such a request, notify Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such requests for exclusion or retractions and any documentation accompanying them to Defendants' Counsel.

16.     Any Person who or which timely and validly requests exclusion from the Class in compliance with the terms stated in this Order, and does not submit a valid and timely written revocation of that request for exclusion, shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     **Objections to Settlement and Appearance at Settlement Hearing**.  Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state: (a) the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *In re IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA; (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses, the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Class, including the number of shares of securities of IronNet purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. The objecting Class Member shall provide

documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional information found in a confirmation slip or account statement. The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers on the Court and has served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that the objection is received no later than twenty-one (21) calendar days before the Settlement Hearing:

| | |
|---|---|
| **Court:** | **Clerk of the Court** <br> **U.S. District Court for the Eastern District of Virginia** <br> Albert V. Bryan United States Courthouse, <br> 401 Courthouse Square <br> Alexandria, VA 22314-5704 |
| **Lead Counsel:** | **Bernstein Liebhard LLP** <br> Attn: Laurence J. Hasson, Esq. <br> 10 East 40th Street <br> New York, NY 10016 |
| **Defendants' Counsel:** | **Arnold & Porter Kaye Scholer LLP** <br> Attn: Aaron Miner, Esq. <br> 250 West 55th Street <br> New York, NY 10019-9710 |

18.    Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall

otherwise be bound as more fully set forth in Paragraph 13 above, including by the Judgment or Alternative Judgment to be entered and the releases to be given; and shall also be foreclosed from appealing from the Judgment or Alternative Judgment entered in this Action.

19.    Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.    Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall forever be barred and enjoined from commencing, prosecuting, instituting, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against the Released Defendant Parties.

22.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary for the approval of the Settlement, Lead Counsel's Fee and Expense Application, or to carry out or enforce the terms and conditions of the Stipulation.

23.      **Settlement Administration Fees and Expenses**. As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund in an amount not to exceed $500,000 without further approval from Defendants and without further order of the Court. In no event shall Defendants or any of the Released Defendant Parties have any obligation or liability to Lead Plaintiff, Lead Counsel, Released Plaintiff Parties, or any of the Class Members in connection with the administration of the Settlement.

24.      **Supporting Papers**.  All papers in support of the Settlement and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served by Lead Counsel on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.      **Settlement Fund**.  All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court. There shall be no distribution of any part of the Settlement Fund to the Class until the Plan of Allocation is finally approved, the Court issues the Settlement Fund Distribution Order, and until the Order and Final Judgment becomes Final.

26.      None of Defendants, Insurers, Defendants' Counsel, or the other Released Defendant Parties shall have any responsibility or liability for the Notice, the Plan of Allocation, any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff, or attorneys' fees or Litigation Expenses awarded by the Court, and such matters will

be considered separately from the fairness, reasonableness, adequacy and Final approval of the Settlement.

27. **Termination of Settlement**. If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 23, 2024. If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then as further set forth in the Stipulation, any portion of the Settlement Amount previously paid with accrued interest attributable to that amount, including without limitation any attorneys' fees and expenses advanced or paid to Lead Counsel, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those Persons (i.e., IronNet or Insurers) who funded the Settlement Amount within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.

28. **Use of this Order**. Neither this Order, the Stipulation (whether or not the Settlement is finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered, argued, or received against any of the Released Defendant Parties as evidence of, or construed as, or deemed

to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff in this Action, or the validity of any claim that has been or could have been asserted in this Action, including the Released Plaintiffs' Claims against any of the Released Defendant Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation or other proceeding, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties, or in any way referred to for any other reason as against any of the Released Defendant Parties in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Lead Plaintiff or any Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Lead Plaintiff or Class Members in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

29.    **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of   _____, 2024

BY THE COURT:

_____
HONORABLE ROSSIE D. ALSTON, JR.
UNITED STATES DISTRICT JUDGE FOR
THE EASTERN DISTRICT OF VIRGINIA

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

*In re IronNet, Inc. Securities Litigation*        Case No. 1:22-cv-00449-RDA-JFA

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**If you purchased IronNet, Inc. securities from September 14, 2021 through December 15, 2021, inclusive, you may be entitled to a payment from a class action settlement.**

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Class.[1]

- The Settlement resolves claims by Court-appointed Lead Plaintiff James Shunk ("Lead Plaintiff") and additional named plaintiff Justin Gruetzmacher (collectively, "Plaintiffs") on behalf of themselves and all other members of the Class (defined below) against Defendants IronNet, Inc. ("IronNet" or the "Company"), Keith B. Alexander, James C. Gerber, and William E. Welch (collectively, "Individual Defendants," and, together with IronNet, "Defendants," and, together with both IronNet and Plaintiffs, the "Parties"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability from the Released Plaintiffs' Claims (defined below).

- If approved by the Court, the Settlement will create a $6.625 million cash fund, plus earned interest, for the benefit of eligible Class Members, before the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes. According to Lead Plaintiff's damages expert, this is an average combined recovery for common shares and warrants of approximately $0.27 per allegedly damaged share, before these deductions.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated September 23, 2024 (the "Stipulation"), which can be viewed at www.strategicclaims.net/IronNet. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

00805461;V1

**PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**

**If you have any questions about this Notice, the Settlement, or your eligibility, please do not contact IronNet or its counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶¶ 7–8 below).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2024** | The <u>only</u> way to be eligible to receive a payment from the Settlement is to submit a timely and valid Claim Form. *See* Question 8 below for details. If you are a Class Member and you remain in the Class, it is in your best interest to submit a Claim Form, because, even if you do not submit a Claim Form, you will be bound by the Settlement approved by the Court and will give up all Released Plaintiffs' Claims against the Released Defendant Parties (defined in ¶ 39 below). |
| **EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE _____, 2024** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT ON OR BEFORE _____, 2024** | If you do not like the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, you may write to the Court and explain why you do not like them. You cannot object if you are not a Class Member or if you have requested exclusion. *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED BY NO LATER THAN _____, 2024** | Ask to speak to the Court at the Settlement Hearing about the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. *See* Questions 17-19 below for details. |
| **DO NOTHING** | If you are a member of the Class and you do not submit a valid and timely Claim Form, you will not be eligible for a payment from the Settlement. You will, however, be bound by the Judgment and orders entered by the Court, which means that you will give up your right to sue about the claims that are resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient, as this process can take some time to complete.

## SUMMARY OF THE NOTICE

### Statement of the Class's Recovery

1.    Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $6,625,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiff's damages expert's estimate of the number of shares of IronNet securities eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average combined recovery for common shares and warrants, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.27 per allegedly damaged share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average combined recovery for common shares and warrants would be approximately $0.16 per allegedly damaged share (according to Lead Plaintiff's damages expert). **These average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.** A Class Member's actual recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) the amount of the Net Settlement Fund; and (iii) when, which and how many shares of IronNet securities the Class Member purchased during the Class Period; and (iv) whether, when, and to what extent the Class Member sold IronNet securities. *See* the Plan of Allocation beginning on page 26 for information on the calculation of your Recognized Claim.

### Statement of Potential Outcome of Case if the Action Continued to Be Litigated

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim alleged in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members (at all, or in the amount contended by Plaintiffs). The issues on which the Parties disagree also include, for example, whether: (i) Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of IronNet securities was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors, such as general market, economic and industry conditions, influenced the prices of IronNet securities during the Class Period.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing, liability, fault, or damages asserted in the Action, and deny that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Each Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability against such Defendant arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action, including but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants have also denied and continue to deny the allegations that Lead Plaintiff or Class Members have suffered any damages, loss, or were otherwise harmed in any way by Defendants or by the conduct alleged in the Action.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred by Lead Counsel in prosecuting the Action in an amount not to exceed $500,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiff directly related to his representation of the Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are submitted for all shares eligible to participate in the Settlement, will be approximately $.11 per allegedly damaged share of IronNet securities (according to Lead Plaintiff's damages expert).  A copy of the Fee and Expense Application will be posted on www. strategicclaims.net/ironnet after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the immediate and guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this and involving bankrupt companies like IronNet here; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.      For Defendants, who deny all allegations of wrongdoing or liability and deny that Class Members were damaged, the reason for entering into the Settlement is to avoid and eliminate the burden, expense, uncertainty, and inconvenience of further litigation. Accordingly, the Settlement may not be construed as an admission or concession with respect to any claim in

the Action or of any fault, liability, or wrongdoing of any kind on the part of Defendants in this or any other action or proceeding.

**Identification of Attorneys' Representatives**

7.    Lead Plaintiff and the Class are represented by Lead Counsel, Laurence J. Hasson, Bernstein Liebhard LLP, 10 East 40th Street, New York, NY 10016, www.bernlieb.com.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, (866) 274-4004 www.strategicclaims.net/ironnet/; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
|---|

9.    The Court authorized that notice of this Settlement be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased IronNet securities from September 14, 2021 through December 15, 2021, inclusive, and may be a Class Member.  **Receipt of the postcard providing you information about where to find this Notice online, does not mean that you are a member of the Class or that you are entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is distributed with this Notice.  *See* Question 8 below.**

10.    The purpose of this Notice is to inform you of the existence of this class action, how you might be affected by it, and how to exclude yourself from the Class, if you wish to do so.  This Notice also informs you of the terms of the Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application.

11.    The Court in charge of the Action is the United States District Court for the Eastern District of Virginia, and the case is known as *In re IronNet, Inc. Securities Litigation*, Case No. Case No. 1:22-cv-00449-RDA-JFA. The Action is assigned to the Honorable Rossie D. Alston, Jr. This Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, then payments will be made after any appeals are resolved and after the completion of all claims processing.

| 2.  What is this case about and what has happened so far? |
| --- |

12.    This Action was commenced with the filing of a complaint on April 22, 2022.

13.    On July 15, 2022, the Court appointed James Shunk as Lead Plaintiff. ECF No. 41.

14.    On August 29, 2022, Plaintiff filed the Complaint, alleging Section 10(b) and Section 20(a) claims against all Defendants and a Section 20A claim against Defendant Alexander. ECF No. 46.  Defendants moved to dismiss the Complaint, Plaintiffs opposed, and Defendants replied. ECF Nos. 50, 51, 52.

15.    On August 9, 2023, the Court denied Defendants' motion to dismiss. ECF No. 53.

16.    On October 3, 2023, Plaintiffs served Interrogatories and Requests for Production of Documents on Defendants.

17.    On October 12, 2023, IronNet's Bankruptcy counsel Young, Conaway, Stargatt & Taylor filed for IronNet's Chapter 11 bankruptcy. *See In Re: IronNet Inc.*, 1:23-BK-11710 (D. Del.).

18.    On October 24, 2023, IronNet filed a Suggestion of Bankruptcy in this Action that noted the Action had been stayed against IronNet upon the October 12, 2023 Chapter 11 filing (Dkt. # 65)

19.    In December 2023, Lead Counsel retained experienced bankruptcy counsel, Lowenstein Sandler LLP, to assist Lead Counsel in protecting Plaintiffs and the Settlement Class by ensuring that Plaintiffs' already sustained claims against IronNet would not be released through the bankruptcy.

20.    On December 22, 2023, Lead Counsel had Proofs of Claim forms filed for Plaintiffs and the Settlement Class.

21.    Throughout early January 2024, Lead Counsel and Lowenstein Sandler had ongoing negotiations with IronNet's Bankruptcy Counsel concerning the language in IronNet's plan of reorganization (the "Plan") to ensure that it adequately protected Plaintiffs and the Settlement Class.

22.    On January 18, 2024, the *Amended Joint Chapter 11 Plan of Reorganization of IronNet, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* was confirmed by the Bankruptcy Court which expressly stated that Plaintiffs' claims in this Action were not released. *Id.* at ECF No. 330, page 48. On February 21, 2024, the Plan became effective. *See* Bankruptcy Case Docket (ECF Nos. 330, 363).

23.    Settlement discussions between the Parties also began in early 2024. On March 12, 2024, the Parties participated in an all-day mediation with Jed Melnick of JAMS. In advance of the session, the Parties provided mediation statements to the mediator. The full-day mediation session ended without a settlement, but the Parties continued to negotiate and presented supplemental mediation statements to the mediator on March 22, 2024. In the months that followed, the Parties continued to work with the mediator to see if a settlement could be achieved.

24.    On June 4, 2024, the Parties reached an agreement in principle to settle the Action, subject to final settlement documentation and final Court approval, and continued thereafter to

negotiate the terms of settlement. This Stipulation (together with the exhibits thereto) constitutes the final and binding agreement between the Parties.

25.    On July 3, 2024, the Parties agreed on a term sheet setting forth principal terms of the Settlement, including, among other things, a full and broad release of any and all claims and causes of action that have been, could have been or in the future can or might be asserted against Defendants in the Action and related claims, in return for a cash payment by, or on behalf of, Defendants of $6,625,000 (the "Settlement Amount"), for the benefit of the Class.

26.    On September 23, 2024, the Parties executed the Stipulation, which sets forth the terms and conditions of the Settlement.  On _____, the Court preliminarily approved the Settlement, authorized the form and manner of notice to be disseminated to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **3.  Why is this a class action?** |
| --- |

27.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), pursue a lawsuit on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member." Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

| **4.  What are the reasons for the Settlement?** |
| --- |

28.    The Court did not finally decide in favor of Plaintiffs or Defendants.  Instead, both sides after due consideration agreed to a Settlement of the Action. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and litigating against a company

emerging from bankruptcy. In the absence of a Settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Class. Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

29.    Defendants have denied and continue to deny each and every one of the claims alleged by Plaintiffs in the Action, including all claims in the Complaint. Defendants have agreed to the Settlement to avoid and eliminate the burden, expense, uncertainty, and inconvenience of further litigation.    Accordingly, the Settlement may not be construed as an admission or concession with respect to any claim in the Action or of any fault, liability, or wrongdoing of any kind on the part of Defendants or Released Defendant Parties in this or any other action or proceeding.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Class?

30.    If you are a member of the Class, you are subject to the Settlement, unless you timely take steps to exclude yourself (*see* Question 11 below). The Class consists of:

*All Persons who purchased IronNet securities from September 14, 2021 through December 15, 2021, inclusive.*

31.    If one of your mutual funds purchased IronNet securities during the Class Period that does not make you a Class Member, although your mutual fund may be. You are a Class Member only if you individually purchased IronNet securities on the open market on a United States stock exchange during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases. The Parties do not independently have access to your trading information. **PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE**

**DOES  NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE
ENTITLED TO RECEIVE A PAYMENT.**

32.    **If you wish to be eligible for a payment from the Settlement, you must submit
the Claim Form that is being distributed with this Notice.  *See* Question 8, below.**

| 6.  Are there exceptions to being included? |
| --- |

33.    Yes.  There are some individuals and entities who are excluded from the Class by
definition. Excluded from the Class are (i) Defendants, (ii) the officers and directors of IronNet
during the Class Period, (iii) the immediate family members, legal representatives, heirs,
successors, and assigns of all excluded individuals, and (iv) any affiliates or other entities in which
Defendants have or had a controlling interest during the Class Period.

**THE SETTLEMENT BENEFITS**

| 7.  What does the Settlement provide? |
| --- |

34.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims
against the Released Defendant Parties (*see* Question 10 below), Defendants have agreed to cause
a $6.625 million cash payment to be made, which, along with any interest earned, will be
distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and
Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net
Settlement Fund"), to Class Members who send in valid and timely Claim Forms.

| 8.  How can I receive a payment? |
| --- |

35.    To qualify for a payment from the Net Settlement Fund, you must submit a timely
and valid Claim Form. A Claim Form is available on the website dedicated to the Settlement:
www.strategicclaims.net/ironnet/, or from Lead Counsel's website: www.bernlieb.com. You can
also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at
(866) 274-4004.

36.     Please read the instructions contained in the Claim Form carefully. Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.strategicclaims.net/ironnet/. Claim Forms must be **postmarked (if mailed) or received no later than** _____, **2024.**

## 9.  When will I receive my payment?

37.     The Court will hold a Settlement Hearing on _____, **2024** to decide, among other things, whether to finally approve the Settlement. Even if the Settlement is approved there may be appeals, which can take time to resolve. It also takes a long time for all Claim Forms to be accurately reviewed and processed. Please be patient.

## 10.  What am I giving up to receive a payment and by staying in the Class?

38.     By staying in the Class, you have the opportunity to receive a payment in this settlement. If you exclude yourself from the Class, you give up the right to receive a payment in this settlement, but you can file your own individual case if you choose.

39.     If you are a Class Member, and do not timely and validly exclude yourself from the Class (*see* Question 11 below), you will remain in the Class and be bound by all orders issued by the Court. If the Settlement is approved, the Court will enter the Judgment. The Judgment will dismiss the Action with prejudice and will provide that, upon the Effective Date of the Settlement (*see* ¶ 40 below), Lead Plaintiff and each of the other Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Plaintiffs' Claims (as defined in ¶ 39(a) below) against the Defendants and the other Released Defendant Parties (as defined in ¶ 39(b) below), and shall forever be barred and

enjoined from prosecuting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

(a)     **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, that: (i) Plaintiffs or any other Class Member asserted in the Action or in any complaint filed in the Action; or (ii) Plaintiffs or any other Class Member could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of, both (i) the allegations, transactions, facts, events, matters, occurrences, representations, disclosures, non-disclosures, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints or documents and other discovery in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, and (ii) the purchase, acquisition, sale, or disposition of IronNet securities during the Class Period.

(b)     **"Released Defendant Party"** or **"Released Defendant Parties"** means Defendants, together with their respective past, present, or future affiliates, divisions, joint ventures, assigns, assignees, assignors, direct or indirect parents or subsidiaries, shareholders, controlling shareholders, successors, predecessors, parent corporations, sister corporations, subsidiaries, principals, legatees, devisees, receivers, settlors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future Officers, directors, agents, employees, independent contractors, servants, agents, partners, partnerships, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, Insurers (including reinsurers and co-insurers) and Immediate Family members, and the legal or personal

representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors-in-interest, or assigns of any of the foregoing.

(c)    "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Plaintiffs or any other member of the Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Plaintiffs' Claims, or the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims

and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and all Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

40.     The "Effective Date" will occur when a Judgment entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

41.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiff and the Class arising out of or related to the institution, prosecution, or Settlement of the claims in the Action.

42.     Additionally, among other things, the Preliminary Approval Order entered by the Court provides that all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation are stayed, and pending a final determination of whether the Settlement should be finally approved, Lead Plaintiff and all other members of the Class are barred and enjoined from asserting, commencing, prosecuting, instituting, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

## EXCLUDING YOURSELF FROM THE CLASS

43.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims,

then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." Defendants have the right to terminate the Settlement if the number of valid requests for exclusion exceeds an amount agreed to by Lead Plaintiff and Defendants. **Please note:** If you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

| **11.  How do I exclude myself from the Class?** |
|---|

44.    To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *In re IronNet Inc.*, Case No. 1:22-cv-00449-RDA-JFA" You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, e-mail address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of IronNet securities purchased, acquired, and sold during the Class Period, as well as the date(s), price(s), and number(s) of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. Only members of the Class can request exclusion.  A request for exclusion must be sent by first-class mail so that it is **received no later than _____, 2024** at:

*IronNet Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

You will not be able to exclude yourself after this date, unless allowed by the Court.

45.    This information is needed to determine whether you are a member of the Class.

**Remember, you are only a Class Member if you purchased IronNet securities during the Class Period.** Your exclusion request must comply with all of these requirements in order to be

valid, and be received within the time stated above, unless otherwise allowed by the Court.

46.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

47.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **12.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

48.     No.  If you are a member of the Class, unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Class to continue your own lawsuit.   Remember, the exclusion deadline is _____, **2024.**

### THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
|---|

49.     Bernstein Liebhard LLP is Lead Counsel in the Action. Lead Counsel represents all Class Members. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.

50.     If you want to be represented by your own lawyer, you may hire one at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel

must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "How do I tell the Court that I do not like something about the proposed Settlement?"

| **14.  How will the lawyers be paid?** |
| --- |

51.      Lead Counsel has been prosecuting the Action on a contingent basis since 2022 and has not been paid for any of their work.  Lead Counsel will seek an attorneys' fee award of no more than 33% of the Settlement Fund, which will include accrued interest. Payment to Lead Counsel will in no way increase the other fees that are deducted from the Settlement Fund.  Lead Counsel will also seek payment of Litigation Expenses incurred by Lead Counsel in the prosecution of the Action of no more than $500,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiff directly related to his representation of the Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| **15.  How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

52.      If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

53.      To object, you must file and send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re*

*IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA."  The objection must also: (i) state the name, address, email address and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or the entire Class, any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares purchased and sold on the open market on a United States stock exchange during the Class Period, as well as the dates and prices of each such purchase and sale.  You must also provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional information found in a broker confirmation slip or account statement.  Your objection must be filed with the Court at the address below **no later than _____, 2024 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2024.**

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court** **U.S. District Court for the** **Eastern District of Virginia** Albert V. Bryan United States Courthouse, 401 Courthouse Square Alexandria, VA 22314-5704 | **Bernstein Liebhard LLP** Laurence J. Hasson, Esq. 10 East 40th Street New York, NY  10016 | **Arnold & Porter Kaye** **Scholer LLP** Attn: Aaron Miner, Esq. 250 West 55th Street New York, NY 10019-9710 |

54.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Class Member who has complied with the procedures described in this Question 15 and below in Question 19 may appear at the Settlement Hearing and

be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

55. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Fee and Expense Application.

| 16. What is the difference between objecting and seeking exclusion? |
| --- |

56. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| 17. When and where will the Court decide whether to approve the proposed Settlement? |
| --- |

57. The Court will hold the Settlement Hearing on _____, 2024 at ____ _.m., before the Honorable Rossie D. Alston, Jr. in Courtroom 1000 of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, or remotely using directions that will be posted in advance on the Settlement website, at the Court's discretion.

58. At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved and (ii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

59.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or visit the settlement website, www. strategicclaims.net/ironnet/, beforehand to be sure that the hearing date and/or time has not changed.

| **18.  Do I have to come to the Settlement Hearing?** |
|---|

60.     No. You can participate in the Settlement without attending the Settlement Hearing.  Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2024**.

| **19.  May I speak at the Settlement Hearing?** |
|---|

61.     If you are a member of the Class, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2024**, submit a statement to the Court, Lead Counsel, and Defendants' Counsel that you, or your attorney, intend to appear in "*In re IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA. (E.D. Va.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

| **20. What happens if I do nothing at all?** |
| --- |

62.    If you do nothing and you are a member of the Class, you will receive no money from this Settlement, and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a timely and valid Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| **21. Are there more details about the Settlement?** |
| --- |

63.    This Notice contains only a summary of the proposed Settlement. More details are contained in the Stipulation. For more information about the matters involved in this case, you may review the papers on file with the Court. You may review the Stipulation and other documents filed with the Court during business hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314-5704. (Please check the Court's website, www.edva.uscourts.gov, for information about Court closures before visiting). Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

64.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.strategicclaims.net/ironnet/, or the website of Lead Counsel,

www.bernlieb.com.  You may also call the Claims Administrator toll free at 866) 274-4004 or write to the Claims Administrator at IronNet, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **22.  How will my claim be calculated?** |
| --- |

65.    The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Settlement proceeds created by Lead Plaintiff's economic expert. The Court may modify this Plan of Allocation without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.strategicclaims.net/ironnet/  and at www.bernlieb.com.

66.    The Settlement Amount and the interest it earns is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation.

67.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

68.     The Net Settlement Fund will be allocated on a *pro rata* basis according to Recognized Claims for Class Members. The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 95% of the Net Settlement Fund will be allocated collectively to IronNet common stock and warrants; and (b) no more than 5% of the Net Settlement Fund will be allocated to call options and put options on IronNet common stock.

69.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (September 14, 2021 through December 15, 2021, inclusive). To design this Plan, Lead Counsel conferred with their damages expert. The Plan of Allocation, however, is not a formal damages analysis.

70.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of IronNet securities. It is alleged that corrective information was released to the market on December 15, 2021, resulting in a statistically significant stock-price decline that removed alleged artificial inflation from the price of IronNet's securities. Accordingly, in order to have a compensable loss in this Settlement, shares of IronNet securities must have been purchased on the open market, on a U.S. exchange, during the Class Period and held through the alleged corrective disclosure.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

71.    For purposes of determining whether a Claimant has a Recognized Claim, purchases and sales of IronNet securities will first be matched on a First In/First Out ("FIFO") basis.

72.    A "Recognized Loss Amount" will be calculated as set forth for each purchase of IronNet securities during the Class Period from September 14, 2021 through and including December 15, 2021 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

73.    For each share of IronNet securities purchased during the Class Period and sold before the close of trading on March 15, 2022, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss or a Recognized Loss results in a negative number, that number shall be set to zero.

**IronNet, Inc. Securities Litigation**
**Common Stock Proposed Plan of Allocation**

1.      For shares of IronNet common stock purchased or otherwise acquired between
September 14, 2021 and December 15, 2021:

A.      For shares held at the end of trading on March 15, 2022, the Recognized Loss shall be
that number of shares multiplied by the lesser of:

   (i)      $2.04; or
   (ii)     the difference between the purchase price per share and $3.98.[2]

B.      For shares sold between December 16, 2021 and March 15, 2022, the Recognized Loss
shall be the lesser of:

   (i)      $2.04; or
   (ii)     the difference between the purchase price per share and the sales price per share;
            or
   (iii)    the difference between the purchase price per share and the average closing price
            between December 16, 2021 and the date of sale, as found in Table A.[3]

C.      For shares sold between September 14, 2021 and December 15, 2021, the Recognized
Loss shall be zero.

2.      For shares of IRNT common stock purchased or otherwise acquired on October 18, 2021,
October 25, 2021, November 1, 2021, November 8, 2021, November 15, 2021 or
November 22, 2021, the Recognized Loss calculated above in (1) shall be multiplied by a
factor of 1.05 to account for these purchasers' claim associated with the alleged violations
of Section 20A by Defendant Keith Alexander.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any
private action arising under this title in which the plaintiff seeks to establish damages by reference
to the market price of a security, the award of damages to the plaintiff shall not exceed the
difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for
the subject security and the mean trading price of that security during the 90-day period beginning
on the date on which the information correcting the misstatement or omission that is the basis for
the action is disseminated." The mean (average) closing price of IronNet common stock during the
period beginning on December 16, 2021 and ending on March 15, 2022 was $3.98 per share.

[3] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any
private action arising under this title in which the plaintiff seeks to establish damages by reference
to the market price of a security, if the plaintiff sells or repurchases the subject security prior to
the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not
exceed the difference between the purchase or sale price paid or received, as appropriate, by the
plaintiff for the security and the mean trading price of the security during the period beginning
immediately after dissemination of information correcting the misstatement or omission and
ending on the date on which the plaintiff sells or repurchases the security."

**IronNet, Inc. Securities Litigation**
**Public Warrants Proposed Plan of Allocation**

1.      For IronNet Public Warrants ("warrants") purchased or otherwise acquired between
September 14, 2021 and December 15, 2021:

A.      For warrants held at the end of trading on March 15, 2022, the Recognized Loss shall be
that number of warrants multiplied by the lesser of:

(i)      $0.62; or

(ii)     the difference between the purchase price per share and $0.94.

B.      For warrants sold between December 16, 2021 and March 15, 2022, the Recognized Loss
shall be that number of warrants multiplied by the lesser of:

(i)      $0.62; or

(ii)     the difference between the purchase price per warrant and the sales price per
warrant; or

(iii)    the difference between the purchase price per warrant and the average closing
price between December 16, 2021 and the date of sale, as found in Table B.

C.      For warrants sold between September 14, 2021 and December 15, 2021, the Recognized
Loss shall be zero.

**IronNet, Inc. Securities Litigation**
**Options Proposed Plan of Allocation**

1.    For call options on IronNet common stock purchased or otherwise acquired to initiate or increase a long position in that call option during the Class Period and:

A.    Closed (through sale, exercise or expiration) before December 16, 2021, the Recognized Loss shall be zero;

B.    Open (held) through December 16, 2021, the Recognized Loss per option shall be the price paid for the call option upon purchase less the intrinsic value of the option calculated as the greater of (i) zero or (ii) $4.66 minus the strike price of the option.[4]

2.    For put options on IronNet common stock written or otherwise sold to initiate or increase a short position in that put option during the Class Period, and:

A.    Closed (through purchase, assignment or expiration) before December 16, 2021, the Recognized Loss shall be zero;

B.    Open (short) through December 16, 2021, the Recognized Loss per option shall be the intrinsic value of the option less the price received for the put options upon sale.  The intrinsic value of the option shall be calculated as the greater of (i) zero or (ii) the strike price of the option minus $4.66.

---

[4] $4.66 was the closing price of IronNet, Inc. common stock on December 16, 2021, the day after the Class Period.

**Table A**

| Date of Sale | Average Closing Price Between 12/16/2021 and Date of Sale | Date of Sale | Average Closing Price Between 12/16/2021 and Date of Sale |
|---|---|---|---|
| 12/16/2021 | $4.66 | 2/1/2022 | $3.77 |
| 12/17/2021 | $4.49 | 2/2/2022 | $3.75 |
| 12/20/2021 | $4.45 | 2/3/2022 | $3.73 |
| 12/21/2021 | $4.47 | 2/4/2022 | $3.71 |
| 12/22/2021 | $4.51 | 2/7/2022 | $3.71 |
| 12/23/2021 | $4.55 | 2/8/2022 | $3.70 |
| 12/27/2021 | $4.52 | 2/9/2022 | $3.70 |
| 12/28/2021 | $4.46 | 2/10/2022 | $3.71 |
| 12/29/2021 | $4.42 | 2/11/2022 | $3.71 |
| 12/30/2021 | $4.40 | 2/14/2022 | $3.71 |
| 12/31/2021 | $4.38 | 2/15/2022 | $3.72 |
| 1/3/2022 | $4.37 | 2/16/2022 | $3.73 |
| 1/4/2022 | $4.35 | 2/17/2022 | $3.73 |
| 1/5/2022 | $4.31 | 2/18/2022 | $3.73 |
| 1/6/2022 | $4.27 | 2/22/2022 | $3.74 |
| 1/7/2022 | $4.23 | 2/23/2022 | $3.75 |
| 1/10/2022 | $4.19 | 2/24/2022 | $3.78 |
| 1/11/2022 | $4.17 | 2/25/2022 | $3.83 |
| 1/12/2022 | $4.14 | 2/28/2022 | $3.84 |
| 1/13/2022 | $4.10 | 3/1/2022 | $3.86 |
| 1/14/2022 | $4.07 | 3/2/2022 | $3.89 |
| 1/18/2022 | $4.04 | 3/3/2022 | $3.92 |
| 1/19/2022 | $4.01 | 3/4/2022 | $3.94 |
| 1/20/2022 | $3.99 | 3/7/2022 | $3.94 |
| 1/21/2022 | $3.95 | 3/8/2022 | $3.96 |
| 1/24/2022 | $3.92 | 3/9/2022 | $3.97 |
| 1/25/2022 | $3.89 | 3/10/2022 | $3.98 |
| 1/26/2022 | $3.86 | 3/11/2022 | $3.98 |
| 1/27/2022 | $3.82 | 3/14/2022 | $3.98 |
| 1/28/2022 | $3.79 | 3/15/2022 | $3.98 |
| 1/31/2022 | $3.78 | | |

**Table B**

| Date of Sale | Average Closing Price Between 12/16/2021 and Date of Sale | Date of Sale | Average Closing Price Between 12/16/2021 and Date of Sale |
|---|---|---|---|
| 12/16/2021 | $1.00 | 2/1/2022 | $0.78 |
| 12/17/2021 | $0.96 | 2/2/2022 | $0.77 |
| 12/20/2021 | $0.94 | 2/3/2022 | $0.77 |
| 12/21/2021 | $0.97 | 2/4/2022 | $0.76 |
| 12/22/2021 | $0.99 | 2/7/2022 | $0.76 |
| 12/23/2021 | $1.00 | 2/8/2022 | $0.75 |
| 12/27/2021 | $0.99 | 2/9/2022 | $0.75 |
| 12/28/2021 | $0.99 | 2/10/2022 | $0.75 |
| 12/29/2021 | $0.98 | 2/11/2022 | $0.75 |
| 12/30/2021 | $0.98 | 2/14/2022 | $0.75 |
| 12/31/2021 | $0.99 | 2/15/2022 | $0.76 |
| 1/3/2022 | $0.98 | 2/16/2022 | $0.76 |
| 1/4/2022 | $0.98 | 2/17/2022 | $0.76 |
| 1/5/2022 | $0.97 | 2/18/2022 | $0.76 |
| 1/6/2022 | $0.95 | 2/22/2022 | $0.77 |
| 1/7/2022 | $0.94 | 2/23/2022 | $0.77 |
| 1/10/2022 | $0.92 | 2/24/2022 | $0.78 |
| 1/11/2022 | $0.91 | 2/25/2022 | $0.80 |
| 1/12/2022 | $0.90 | 2/28/2022 | $0.81 |
| 1/13/2022 | $0.89 | 3/1/2022 | $0.82 |
| 1/14/2022 | $0.88 | 3/2/2022 | $0.84 |
| 1/18/2022 | $0.87 | 3/3/2022 | $0.86 |
| 1/19/2022 | $0.86 | 3/4/2022 | $0.87 |
| 1/20/2022 | $0.85 | 3/7/2022 | $0.88 |
| 1/21/2022 | $0.84 | 3/8/2022 | $0.89 |
| 1/24/2022 | $0.83 | 3/9/2022 | $0.90 |
| 1/25/2022 | $0.82 | 3/10/2022 | $0.92 |
| 1/26/2022 | $0.81 | 3/11/2022 | $0.93 |
| 1/27/2022 | $0.80 | 3/14/2022 | $0.93 |
| 1/28/2022 | $0.79 | 3/15/2022 | $0.94 |

## ADDITIONAL PROVISIONS

74. If a Class Member has more than one purchase or sale of IronNet securities during the Class Period, all purchases and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against

purchases in chronological order, beginning with the earliest purchase made during the Class Period.

75.    Purchases and sales of IronNet securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant by gift, inheritance or operation of law of IronNet securities during the Class Period shall not be deemed a purchase or sale of these shares of IronNet securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of such IronNet securities unless (i) the donor or decedent purchased such shares of IronNet securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of IronNet securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

76.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

77.    In the event that a Claimant has an opening short position in IronNet securities at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

78.    IronNet securities are the only securities eligible for recovery under the Plan of Allocation.

79.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund (95% of which will be purchasers of IronNet common stock or warrants and 5% of which will be for buyers or sellers of IronNet options), the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

80.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

81.    Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

82.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net

Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any award to Lead Plaintiff, the Claims Administrator shall, if economically feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any award to Lead Plaintiff, shall be donated to the Consumer Federation of America, or a non-profit and non-sectarian organization(s).

83.    Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.

84.    Lead Plaintiff, Defendants, their respective counsel, Released Defendant Parties, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

85.    If you purchased IronNet securities on the open market during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, YOU MUST

EITHER: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and WITHIN SEVEN (7) DAYS of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, and WITHIN SEVEN (7) DAYS of receipt thereof, email the Postcard Notice directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing, YOU MUST SEND A STATEMENT to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.03 per Postcard Notice emailed; or $0.03 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

*IronNet, Inc. Securities Litigation*
c/o Strategic Claims Services
P. O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/ironnet/

Dated: _____, 2024                    BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE EASTERN
                                        DISTRICT OF VIRGINIA

EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re IronNet, Inc. Securities Litigation* | Case No. 1:22-cv-00449-RDA-JFA |

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Class based on your claims in the class action entitled captioned *In re IronNet, Inc. Securities Litigation*, Case No. 1:22-cv-00449-RDA-JFA (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/IRONNET/ NO LATER THAN _____, 2024 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*IronNet, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205

3.     If you are a member of the Class and you do not timely request exclusion in response to the Notice dated _____, 2024, you will be bound by and subject to the terms of

any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased IronNet securities from September 14, 2021 through December 15, 2021 inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased IronNet securities during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of IronNet securities that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint beneficial owners must sign this Claim Form.

*7.*    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the IronNet securities;

    (c)    furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

## III.    IDENTIFICATION OF TRANSACTIONS

8.    Use **Part II** of this form entitled "Schedule of Transactions in IronNet Securities" to supply all required details of your transaction(s) in IronNet securities purchased on the open market on a United States stock exchange during the Class Period and during the 90-day lookback period, whether the transactions resulted in a profit or a loss. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same

form. Sign and print or type your name on each additional sheet. Failure to report all transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase of IronNet securities. The date of a "short sale" is deemed to be the date of sale.

10.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN IRONNET SECURITIES.**

11.     <u>**NOTICE REGARDING INSTITUTIONAL FILERS**</u>: Representatives with the authority to file on behalf of (a) accounts of multiple persons/entities and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple persons/entities and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (*see* ¶ II.7 above) along with the electronic spreadsheet. The transactions and holdings in IronNet securities should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (*e.g.*, a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves

the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in IronNet securities in order to prove and accurately process the claim.

      12. **<u>NOTICE REGARDING ONLINE FILING</u>**: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at <u>www.strategicclaims.net/acuity</u>. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated email confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or 1-866-274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## **PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

| City | State | ZIP/Postal Code |
|---|---|---|
| | | |

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
|---|---|
| | |

| Social Security Number (last four digits only) | | Taxpayer Identification Number (last four digits only) |
|---|---|---|
| | **OR** | |

| Telephone Number (home) | Telephone Number (work) |
|---|---|
| | |

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
o    Individual (includes joint owner accounts)        o    Pension Plan         o    Trust
o    Corporation                                        o    Estate
o    IRA/401K                                           o    Other _____ (please specify)

**PART II: SCHEDULE OF TRANSACTIONS IN IRONNET COMMON STOCK/WARRANTS**

**1. BEGINNING HOLDINGS -** State the total number of shares of IronNet common stock/warrants held at the opening of trading on September 14, 2021.  If none, write "0" or "Zero." (Must submit documentation.)

Common Stock: _____    Warrants: _____

**2. PURCHASES DURING THE CLASS PERIOD** – Separately list each and every purchase of IronNet common stock/warrants on the open market on a United States stock exchange from the opening of trading on September 14, 2021 through December 15, 2021.  (Must submit documentation.)

| Security Type (Common Stock or Warrants) | Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares or Warrants Purchased | Purchase Price Per Share or Warrant | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**3. PURCHASES DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of IronNet common stock/warrants purchased on the open market on a United States stock exchange from December 16, 2021 through March 16, 2022.[1]  (Must submit documentation.)

Common Stock: _____    Warrants: _____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of IronNet common stock/warrant from September 14, 2021 through and including the close of trading on March 15, 2022.  (Must submit documentation.)

| Security Type (Common Stock or Warrants) | Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares or Warrants Sold | Sale Price Per Share or Warrant | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**5. ENDING HOLDINGS –** State the total number of shares of IronNet common stock/warrants  held as of the close of trading on March 15, 2022.  If none, write "0" or "Zero." (Must submit documentation.)

Common Stock: _____    Warrants: _____

---

[1] Information requested in this Claim Form with respect to your transactions from December 16, 2021 through March 15, 2022 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period.

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ |
|---|

**PART III: SCHEDULE OF TRANSACTIONS IN IRONNET STOCK OPTIONS PURCHASES/REPURCHASES**

**Beginning Holdings:**

A.  State the total number of IronNet Options held at the opening of trading on September 14, 2021 (*must be documented).*  If none, write "zero" or "0." If short position, indicate with a minus sign "–".

| Option Type (Call or Put) | Strike Price of Option | Expiration Date (Month/Day/Year) | Number of Options in Which You Had an Open Interest |
|---|---|---|---|
| | $ | / / | |
| | $ | / / | |
| | $ | / / | |
| | $ | / / | |

**Purchases/Acquisitions:**

B.  Purchases or acquisitions of options on IronNet common stock between September 14, 2021 and December 15, 2021, inclusive (*must be documented):*

| Option Type (Call or Put) | Date of Transaction (List Chrono-logically) (Month/ Day/ Year) | Number of option contracts acquired | Expiry Date (Month/ Day/ Year) | Strike Price | Transaction price per option contract | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/Assign Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| | / / | $ | / / | | $ | | / / |
| | / / | $ | / / | | $ | | / / |
| | / / | $ | / / | | $ | | / / |
| | / / | $ | / / | | $ | | / / |

**Sales:**

C.  Sales of stock options on IronNet common stock between September 14, 2021 and December 15, 2021, inclusive (*must be documented):*

| Option Type (Call or Put) | Date of Transaction (List Chrono-logically) (Month/Day/ Year) | Number of option contracts sold | Expiry Date (Month/Day/Year) | Strike Price | Transaction price per option contract | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/Assign Date (Month/Day/ Year) |
|---|---|---|---|---|---|---|---|
|  | / / | $ | / / |  | $ |  | / / |
|  | / / | $ | / / |  | $ |  | / / |
|  | / / | $ | / / |  | $ |  | / / |
|  | / / | $ | / / |  | $ |  | / / |

**Ending Holdings:**

D. Separately list all position in IronNet Options in which you had an open interest as of the close of trading on December 15, 2021 (*must be documented*). If none, write "zero" or "0." If short position, indicate with a minus sign "-".

| Option Type (Call or Put) | Strike Price of Option | Expiration Date (Month/Day/Year) | Number of Options in Which You Had an Open Interest |
|---|---|---|---|
|  | $ | / / |  |
|  | $ | / / |  |
|  | $ | / / |  |
|  | $ | / / |  |

If you require additional space, attach extra schedules in the same format as above.

Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

13.     By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Virginia (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in IronNet securities, if required to do so.  I (We) have not submitted any other claim covering the same transactions in IronNet securities during the Class Period and know of no other person having done so on my (our) behalf.

**RELEASES, WARRANTIES, AND CERTIFICATION**

14.     I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, and that I am (we are) not excluded from the Class.

15.     As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

16.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

17.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of IronNet securities on the open market on a United States exchange that occurred during the Class Period and the number of shares held by me (us), to the extent requested.

18.     I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024

_____          _____
Signature of Claimant                                    Type or print name of Claimant

_____          _____
Signature of Joint Claimant, if any                Type or print name of Joint Claimant

_____          _____
Signature of person signing on behalf        Type or print name of person signing
of Claimant                                                     on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING
DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned
to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail,
within 60 days.  **Your claim is not deemed submitted until you receive an
acknowledgment postcard.**  If you do not receive an acknowledgment postcard within
60 days, please call the Claims Administrator toll free at (866) 274-4004.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of
the change in your address, otherwise you may not receive additional notices or
payment.

**EXHIBIT A-3**

*Court-Ordered Legal Notice*
*Forwarding Service Requested*

Important Notice about a Securities Class Action
Settlement

You may be entitled to a payment.  This Notice may
affect your legal rights.

Please read it carefully.

Case Pending in the United States District Court for the
Eastern District of Virginia.

*Case Number: 1:22-cv-00449-RDA-JFA*

IronNet, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**EXHIBIT A-3**

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT***

***PLEASE VISIT HTTPS://WWW.STRATEGICCLAIMS.NET/IRONNET/FOR MORE INFORMATION.***

The United States District Court for the Eastern District of Virginia has preliminarily approved a proposed class action Settlement of all claims in the action captioned *In re IronNet, Inc. Securities Litigation, Case Number: 1:22-cv-00449-RDA-JFA*. The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements to the investing public, which allegedly caused the Settlement Class to purchase IronNet securities artificially inflated prices. Defendants expressly deny all Lead Plaintiff's allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased IronNet securities between September 14, 2021 and December 15, 2021, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $6,625,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, https://www.strategicclaims.net/IronNet/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and Claim Form by visiting the website: https://www.strategicclaims.net/IronNet/. You may also request copies of the Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: IronNet Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) _____; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form**.

Claim Forms must be electronically submitted by 11:59 p.m. on [_____]. Mailed Claim Forms must be postmarked by [_____]. If you do not want to be legally bound by the Settlement, you must exclude yourself by [____] or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by [_____]. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on [_____] at [__:__] at the United States District Court, Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Courtroom 1000, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Plaintiffs' Counsel for up to one third of the Settlement Fund for attorneys' fees, plus up to $500,000 for actual expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website: https://www.strategicclaims.net/ironnet/.

**EXHIBIT A-4**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

*In re IronNet, Inc. Securities Litigation*    Case No. 1:22-cv-00449-RDA-JFA

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All persons who purchased IronNet securities from September 14, 2021 through December 15, 2021, inclusive (the "Class").**

### PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern  District of Virginia, that Lead Plaintiff James Shunk ("Lead Plaintiff") and additional named plaintiff Justin Gruetzmacher (together, "Plaintiffs"), on behalf of themselves and all members of the Class, and Defendants IronNet, Inc. ("IronNet" or the "Company"), Keith B. Alexander, James C. Gerber, and William E. Welch (collectively, the "Individual Defendants" and with IronNet, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $6,625,000 (the "Settlement").

A hearing will be held before the Honorable Rossie D. Alston, Jr., either in person or remotely in the Court's discretion, on _____, 2024, at ____ ___.m. in Courtroom 1000 of the Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314-5704 (the "Settlement Hearing") to determine: (i) whether the Court should approve the proposed

Settlement as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice as against Defendants, and the releases specified in the Stipulation and Agreement of Settlement, dated September 23, 2024 (and in the Notice), should be granted; and (iii) whether Lead Counsel's Fee and Expense Application should be approved. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you do not have  the full Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses and the Proof of Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www. www.strategicclaims.net/ironnet, or by contacting the Claims Administrator at:

*IronNet Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson, Esq.
10 East 40th Street
New York, NY  10006
www.bernlieb.com
212-779-1414

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2024.*  If you are a Class Member and do not timely submit a valid Claim Form, you will not

be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than*** _____ __*, 2024.* If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than*** _____ __*, 2024*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE. ALL QUESTIONS ABOUT THE PROPOSED SETTLEMENT OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR USING THE CONTACT INFORMATION ABOVE.**

DATED: _____, 2024          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         EASTERN DISTRICT OF VIRGINIA

**EXHIBIT B**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

*In re IronNet, Inc. Securities Litigation* | Case No. 1:22-cv-00449-RDA-JFA

## [PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS:**

A.      On September 23, 2024, Court-appointed Lead Plaintiff James Shunk and additional named plaintiff Justin Gruetzmacher, on behalf of themselves and all other members of the Class (defined below), on the one hand, and Defendants IronNet, Inc. ("IronNet" or the "Company"), Keith B. Alexander, James C. Gerber, and William E. Welch (collectively, "Individual Defendants," and, together with IronNet, "Defendants," and, together with both IronNet and Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");[1]

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court scheduled a final approval hearing for _____, 2024 (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be finally approved by the Court; (ii) determine whether a Judgment as provided for in the Stipulation or Alternative Judgment, if

---

[1] Any otherwise undefined terms have the definitions set forth in the Stipulation.

applicable, should be entered dismissing the Action with prejudice as against Defendants; (iii)
determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and
reasonable and should be approved; and (iv) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Claims Administrator send to Class Members (i) a
postcard notice (the "Postcard Notice") directing Class Members to the settlement website
containing the Notice of Pendency and Proposed Settlement of Class Action and Motion for
Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release form
("Claim Form"), substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-3,
respectively, or (ii) when possible an email containing the Postcard Notice, on or before fifteen
(15) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all
potential Class Members who could be identified through reasonable effort, and that the Summary
Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and
Litigation Expenses (the "Summary Notice"), substantially in the form annexed to the Stipulation
as Exhibit A-4, be published once in *The Wall Street Journal* and transmitted once over *PR
Newswire* within fourteen (14) calendar days of the Notice Date;

D.      The Notice and the Summary Notice advised potential Class Members of the date,
time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections
to the Settlement were required to be filed with the Court and served on counsel for the Parties
such that they were received by _____, 2024;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On _____, 2024, Lead Plaintiff moved for final approval of the
Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held

before this Court on _____, 2024, at which time all interested Persons were afforded

the opportunity to be heard; and

G.    This Court has duly considered Lead Plaintiff's motion for final approval of the

Settlement, the declarations, memoranda of law submitted in support thereof, the Stipulation, and

all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

DECREED that:

1.    **Incorporation of Settlement Documents**.  This Judgment incorporates and makes

a part hereof: (i) the Stipulation filed with the Court on _____, 2024; and (ii) the

Notice and Summary Notice, both of which were filed with the Court on _____,

2024.

2.    **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and

all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action,

including all Class Members.

3.    **Class Certification**.  For purposes of the Settlement, the "Class" is all Persons who

purchased IronNet securities from September 14, 2021 through December 15, 2021, inclusive (the

"Class Period").  Excluded from the Class are (i) Defendants, (ii) the officers and directors of

IronNet during the Class Period, (iii) the immediate family members, legal representatives, heirs,

successors, and assigns of all excluded individuals, and (iv) any affiliates or other entities in which

Defendants have or had a controlling interest during the Class Period.  [Also excluded from the

Class are those Persons who or which have timely and validly sought exclusion from the Class and

are listed on the annexed **Exhibit A** as having submitted an exclusion request allowed by the

Court.]

4.      **Notice**.  The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement and of the Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

5.      **Objections**.  [There have been no objections to the Settlement.] [*In the event any objections are filed:* The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6.      **Compliance with CAFA**.  Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court finds that Defendants have complied with the requirements of 28 U.S.C. § 1715.

7.      **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims

asserted against Defendants in the Action), and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects, including the treatment of the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8.    The Action and all claims asserted against Defendants in the Action, including without limitation in the Amended Class Action Complaint filed on August 29, 2022 (the "Complaint") are dismissed in their entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.    **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    **Releases**.  The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs, Released Plaintiff Parties, and each of the other Class Members, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, (i) fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Plaintiffs' Claims against each of the Defendants and Released Defendant Parties, (ii) covenanted not to sue any Defendants or Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined from asserting, commencing, prosecuting, instituting, or participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

11.    Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have (i) fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Plaintiffs and Released Plaintiff Parties, (ii) covenanted not to sue any Plaintiffs and Released Plaintiff Parties with respect to all such Released Defendants' Claims and (iii) shall forever be barred and enjoined from asserting, commencing, prosecuting, instituting,  or participating in the commencement or prosecution of

any action or other proceeding, in any forum, asserting any and all of the Released Defendants'
Claims against any of the Plaintiffs and Released Plaintiff Parties.

12.     Notwithstanding paragraphs 10 to 11 above, nothing in this Judgment shall bar any
action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever
binding on Defendants, Plaintiffs, the Released Parties, and each Class Member (whether or not
such Class Member executes and delivers a Claim Form or seeks or obtains a distribution from the
Net Settlement Fund), as well as their respective successors and assigns.

14.     **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto,
the Supplemental Agreement, and any Plan of Allocation), and any discussion, negotiation,
proceeding, or agreement relating to the Stipulation, the Settlement, the Supplemental Agreement,
and any matter arising in connection with settlement discussions or negotiations, proceedings, or
agreements, shall not be offered or received against or to the prejudice of any of the Parties or their
respective counsel, for any purpose other than in an action to enforce the terms of the Stipulation
and this Judgment, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the
prejudice of any Defendants or the Released Defendant Parties as evidence of, or construed as, or
deemed to be evidence of any presumption, concession, or admission by any Defendants or the
Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Class,
or the validity of any claim that has been or could have been asserted in the Action or in any
litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages,
negligence, fault or wrongdoing of Defendants, the Released Defendant Parties, or any Person
whatsoever, or of any infirmity in any defenses of Defendants;

(b)        do not constitute, and shall not be offered or received against or to the prejudice of any Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendants or the Released Defendant Parties, or against or to the prejudice of Plaintiffs, or any other member of the Class, as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

(c)        do not constitute, and shall not be offered or received against or to the prejudice of any Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Defendants or the Released Defendant Parties, Plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Judgment;

(d)        do not constitute, and shall not be construed against any Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)        do not constitute and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 49 of the Stipulation.

17.     **Modification of the Stipulation**.  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     **Fee Order**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  This order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. This order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds

and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; (vi) the Class Members for all matters relating to the Action; and (vii) other matters related or ancillary to the foregoing. The Plan of Allocation is not a condition to the effectiveness of the Settlement, and Defendants and the Released Defendant Parties shall have no responsibility or liability with respect thereto.

20.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


DATED this _____ day of  _____, 2024


_____
HONORABLE ROSSIE D. ALSTON, JR.,
UNITED STATES DISTRICT JUDGE FOR
THE EASTERN DISTRICT OF VIRGINIA