**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re IronNet, Inc. Securities Litigation* | Case No. 1:22-cv-00449-RDA-JFA |

**ORDER APPROVING ATTORNEY FEES, REIMBURSEMENT OF EXPENSES, AND REIMBURSEMENT OF TIME TO LEAD PLAINTIFF**

This matter came on July 30, 2025 ("Settlement Hearing") on Lead Plaintiff James Shunk's Motion for Approving Attorneys' Fees, Reimbursement of Expenses, and Reimbursement of Time to Lead Plaintiff (ECF No. 76). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who, or which, could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested; and the lack of any objections by Settlement Class Members to the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and

Agreement of Settlement, September 23, 2024 (ECF No. 71-2) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Pursuant to and in compliance with the Court's March 28, 2025 Order PreliminarilyApproving Class Action Settlement (ECF No. 75), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules, this Court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Settlement Class Members, advising them of the motion requesting attorneys' fees and litigation expenses and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the attorneys' fees and expenses requested. The deadline for making objections was on July 9, 2025, and there were no objections made to the attorneys' fees and expenses requested.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33%, or $2,186,250, of the Settlement Fund and $165,863.68 in reimbursement of Litigation Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

a) The Settlement has created a fund of $6,625,000 that has been placed into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that

occurred through the efforts of Lead Counsel;

b) The fee sought has been reviewed and approved by Lead Plaintiff, who oversaw the Action and has a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and with considerable challenges from formidable opposition;

d) The Action raised a number of complex factual and legal issues;

e) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from the Defendants, especially in light of IronNet's bankruptcy;

f) Lead Counsel initiated and pursued the Action on a fully contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

g) Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

h) Plaintiffs' Counsel devoted over 1,900 hours prosecuting the Action and the very small (1.01) lodestar multiplier further supports the reasonableness of the fee requested; and

i) The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases in this District, the Fourth Circuit and nationwide.

6. In accordance with 15 U.S.C. § 78u-4(a), the Court also hereby awards $7,500 to Lead Plaintiff James Shunk as reimbursement for the 122 hours he spent representing the Settlement Class, which shall be paid from the Settlement Fund.

7. Any appeal or any challenge affecting this Court's approval regarding attorneys' fees and expenses shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

It is SO ORDERED.

DATED this 30 day of July, 2025

HONORABLE ROSSIE D. ALSTON, JR.,
UNITED STATES DISTRICT JUDGE FOR
THE EASTERN DISTRICT OF VIRGINIA

/s/
Rossie D. Alston, Jr.
United States District Judge